JANET REVELL, PLAINTIFF-APPELLEE, v. COLUMBIAN PROTECTIVE ASSOCIATION OF BINGHAMTON, NEW YORK, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT-APPELLANT.

Submitted October 16, 1931—Decided December 2, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the defendant-appellant, *Berlin & Berlin*.

For the plaintiff-appellee, *Joseph C. Cassini*.

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff, who sued for the sick benefits reserved in a life, health and accident policy written by the defendant. The policy provided for weekly payments of $12 per week, in the case of sickness which rendered the plaintiff incapable of following her occupation. The defendant failed to make the payments during the period the plaintiff was incapacitated from her work by reason of an attack of pleurisy for which she was treated in the Orange Memorial Hospital.

The policy provided: "Written notice of injury or sickness on which claim may be based must be given to the association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. * * * Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

When the plaintiff was first taken ill she informed a collector for the defendant, who attended to the collection of the premiums due on her policy, of her illness, and at her request this agent provided her with a blank form of proof of illness to be filled in by her visiting physician in accordance with the rules of the company.

The illness was so acute that on June 25th, 1930, the plaintiff was removed to the hospital. She requested her attending physician to sign the written proof of illness as required by the insurance company and to mail the same to the home office. One of the plaintiff's friends, with whom she resided before going to the hospital, continued to pay the premiums on the policy. The physician in the press of his professional duties overlooked, for sometime, signing the proof of illness. Plaintiff, becaues of her illness, was unable to give the matter further attention or to press her physician to action.

The defendant offered no proof other than the physician's proof of illness was not received until July 26th, 1930.

Defendant's motion for a nonsuit and for a directed verdict was rested on the ground that the case was barren of proof of timely written notice as required by the policy.

The case is barren of evidence that the company had treated the agent, who collected the premiums and who furnished the plaintiff with the blank proofs, as having authority to receive proof of illness or waive the provisions of the policy for written notice. *Travelers Insurance Co.* v. *Edwards,* 122 *U. S.* 457.

The learned trial judge treated the proof of illness furnished by the physician as notification of disability called for by the policy—this was not error—and then decided as a matter of fact, because no jury was impaneled, that the plaintiff was not reasonably able to give earlier written notice of her disability. What is reasonably possible depends upon all the circumstances of the case and depends, of course, upon the opportunities which were available. *Metropolitan Casualty Co.* v. *Johnston,* 247 *Fed. Rep.* 65.

Generally, a default in giving the written notice required by the policy is excused by the physical incapacity of the insured. 33 *Corp. Jur.* 15.

The findings of the trial judge, from the testimony of the plaintiff and her physician, would seem to clearly establish that the plaintiff's physical incapacity prevented compliance with the provisions of the policy, and that notice was given as soon as was reasonably possible.

The judgment is affirmed, with costs.