SAWYER v. TRAVELERS' INS. CO.

No. 5962.

District Court, E. D. Virginia, at Norfolk.

April 2, 1935.

Ferebee & White, J. Walter White, and O. L. Shackleford, all of Norfolk, Va., for plaintiff.

Hughes, Little & Seawell and Leon T. Seawell, all of Norfolk, Va., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a suit on a policy of insurance, growing out of an automobile accident which occurred on the 7th day of December, 1932. The material facts are covered by stipulation of the parties. The primary issue in the case is whether notice of the accident, as required by the policy, was given to the insurance company; or, stated a little differently, whether the insurance company has a right to stand upon a strict compliance with the terms of clause D of the policy (hereinafter quoted).

On December 7, 1932, when the policy in suit was in full force and effect, the automobile described in the policy, owned by the named assured, Elias Otto, and being driven by his adult son, Abraham Elias Otto, who was a member of his father's household, turned over by reason of the alleged negligence of his son, as a result of which he received fatal injuries, dying within two hours after the accident without regaining consciousness; and as a direct result of this accident, the present plaintiff, who was riding in the car as a guest of Abraham Elias Otto, received injuries which are the basis of the present suit.

It further appears that the father knew that his son was going to use his, the father's, automobile on the day in question, although he did not know of the place of its use, and it appears that there was no express permission given by the father to the son to use the automobile.

At the time of the accident the father was suffering from cancer of the throat. He was not, however, bedridden, and was mentally alert, although was not, at the time, able to carry on his business. He died from this malady on the 20th of May, 1933.

It is further stipulated that no notice of any kind was sent to the defendant insurance company or any duly authorized agent thereof, of the occurrence of this accident, until the 16th day of October, 1933, that is, more than ten months after the accident, when the administrator of the estate of the son, Abraham Elias Otto, sent to the defendant company merely a copy of the notice of a suit which had been brought the same day against him by the present plaintiff in the court of law and chancery of the city of Norfolk.

On the same day, namely, the 16th day of October, 1933, the administrator for the estate of the son, Abraham Elias Otto, had been appointed. Prior thereto, there was no legal representative of the son's estate. It does not appear from the stipulation that any other details regarding the accident accompanied this notice of the suit which was sent to the company.

In due course the suit was heard, and resulted in a verdict and final judgment in favor of the present plaintiff against the administrator of the estate of the son, Abraham Elias Otto, in the amount of $3,000. Execution on that judgment, in due course, was returned unsatisfied, and on the 9th day of June, 1934, the plaintiff instituted suit in the circuit court of the city of Norfolk against the present defendant, to recover the amount of that judgment, including interest and costs that had accrued thereon. This suit is here by removal.

It is necessary to have before us the precise terms of the provision in the policy governing the giving of notice of accidents. This provision reads as follows (paragraph D): "In the event of accident written notice shall be given by or on behalf of the Assured to the Company or any of its authorized agents as soon as is reasonably possible thereafter. Such notice should contain information respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses. If such information is not reasonably obtainable, particulars sufficient to identify the Assured shall constitute notice. The Assured shall keep the Company advised respecting further developments in the nature of claims or suits when and as they come to his knowledge."

The related paragraph E reads as follows: "The Assured shall cooperate with the Company and, upon the Company's request, shall assist in effecting settlement, securing evidence, and obtaining the attendance of witnesses. The Assured shall not voluntarily make any payment, assume any obligation, or incur any expense other than for immediate surgical relief except at his own cost."

Summarized briefly, the contention of the plaintiff is that, since the son of the named assured was the one involved in the accident, and since the coverage of the policy includes him in the term "Assured," as defined in the policy, we must construe clause D above quoted with respect to the obligation that it imposed upon the son or his representative to give notice, and not with respect to the obligation that it imposed upon the named assured, the father. Developing this theory, the plaintiff, therefore, contends that since the son was killed almost immediately, and since the administrator of his estate gave notice of the accident as soon as he was appointed, by giving notice of the filing of suit against him which occurred the very day he was appointed, this was substantial compliance with clause D, because it constituted giving, as soon as was "reasonably possible" after the accident, written notice of the accident "on behalf of the Assured" who was contemplated, under the circumstances, to wit, the son.

On the other hand, summarized briefly, the contention of the insurance company is that such construction or interpretation of clause D is a virtual annihilation of the well-established principle that substantial compliance with a requirement for prompt notice of accident is a condition precedent to recovery in policies of this kind; and, furthermore, that the term "the Assured," as used in clause D, did not, under the present circumstances, relieve the named assured or some one on his behalf from the obligation to give prompt notice of the accident.

I reach the conclusion on the somewhat peculiar facts of this case, after a careful consideration of the arguments that have been advanced on both sides and after a review of the cases which I think are pertinent, that the contention of the defendant, the insurance company, must prevail; and that, therefore, the verdict of this court must be for that defendant.

I can conceive that there may be cases where no notice is required to be given by the named assured, as, for example, where a person included in the coverage of the policy, who is injured, is not a member of the household of the named assured; or where the named assured did not seasonably know of the accident and resulting injuries. But I think the situation here is so obviously different as to require adherence to what is admittedly a strict rule, and which, at times, may admittedly result in apparent hardship. The law is too firmly settled in this circuit and by decisions of the Supreme Court of the United States with respect to this question of notice for me even to attempt to cast any doubt upon its soundness. The rule, briefly stated, is this: That even though a policy may go further than does the present policy in clause D and provide that immediate notice of an accident shall be given, such is to be construed as a condition precedent to recovery, with the sole qualification that "immediate" does not mean "on the moment," but with reasonable promptness under the circumstances. What is reasonable promptness must be left for decision on the facts in each particular case. See New Jersey Fidelity & Plate Glass Insurance Co. v. Love (C. C. A.) 43 F.(2d) 82, and cases cited. That being the rule, as I understand it, which governs me in cases of this kind, we come to the precise question in this case: "Is it substantial compliance with Clause D to adopt plaintiff's theory and to relieve the father, the named Assured, and every one in his household who might have acted on his or his son's behalf, from giving any notice whatsoever?" The father, of course, knew of his son's death. The stipulated facts indicate that he himself was in such mental and physical condition as to have enabled him to give notice long before his son's administrator gave it, or to have directed some one in his household to have done so. He did not die until some five months after his son's fatal accident.

While the presence or absence of prejudice to the insurance company by delayed notice is not a determining factor in cases of this kind, nevertheless it is pertinent to point out that, unless the rule here announced is adhered to, the result may actually be prejudicial to the insurance company; as witness in the present case, had prompt notice been given by the father, or some one on his behalf, or by some one on behalf of the son, the insurance company would still have had the benefit of the opportunity to interview the named assured, the father. The fact that it is stipulated there were no witnesses to the tragedy is not in itself conclusive; and, at this point, it seems pertinent to indicate that I am not at all sure that the notice which was actually given to the company on October 16, 1933, by the administrator of the son's estate, was, irrespective of the time when given, a substantial compliance with clause D, because the notice consisted merely of the mailing of a copy of the notice of the bringing of the suit by the present plaintiff against the administrator. Clause D says that the notice "should contain information respecting the time, place and circumstances of the accident, with the name and address of the injured and any available witnesses." Obviously, the mailing of a notice of a suit that has been filed, without more, does not carry with it an implication of the truth of any of the allegations that may be contained in the statement of such suit. However, because the court sees fit to rest the case upon the broader ground which has already been stated, it becomes unnecessary to pass finally upon this narrower question.

The well-established principle that, where the terms of a policy are ambiguous, that construction most favorable to the insured will be adopted, has no application here, because there is no such ambiguity.

In conclusion, therefore, summarizing what has been said, the court believes that, upon the undisputed facts in the present case, there has been a failure to comply substantially with the requirements of clause D of the policy with respect to giving notice; and that such failure is not excused, under the circumstances of the relationship between the deceased son and his father, the named assured, by the death of the son; but that, on the contrary, on the undisputed facts it appears that the father, or some one on his behalf in his household, of which the son was admittedly a member, or some member of that household on behalf of the son, could, long prior to October 16, 1933, have

substantially complied with the provisions of clause D.

None of the well-considered decisions to which I have been referred, or which I have found, are contrary to the conclusions here reached, although there is no reported decision, as far as I am informed, which rests upon facts especially analogous to the material facts here.

Verdict for the defendant.