87 N.J. Super. 492 (1965)
210 A.2d 81
WILLIAM MONGUSO, AN INFANT BY HIS GUARDIAN AD LITEM ANTHONY MONGUSO AND ANTHONY MONGUSO, INDIVIDUALLY, PLAINTIFFS,
v.
WILLIAM PIETRUCHA, DEFENDANT AND THIRD-PARTY PLAINTIFF, AND JOHN J. RUSH, ADMINISTRATOR AD LITEM OF THE ESTATE OF RICHARD PIETRUCHA, DECEASED, DEFENDANT AND THIRD-PARTY PLAINTIFF-RESPONDENT,
v.
DAVID BERMAN, THIRD-PARTY DEFENDANT, AND SELECTED RISKS INSURANCE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, THIRD-PARTY DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 5, 1965.
Decided May 10, 1965.
*493 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Francis J. Beyrent argued the cause for Selected Risks Insurance Company (Messrs. Schenck, Price, Smith & King, attorneys).
Mr. Thomas R. Farley argued the cause for John J. Rush (Messrs. Farley & DeFilippo, attorneys).
Mr. Harold D. Feuerstein argued the cause for David Berman (Messrs. Feuerstein & Sachs, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Selected Risks Insurance Company (Selected) appeals from a judgment holding it liable to John J. Rush as administrator of the estate of Richard Pietrucha, deceased, for counsel fees and other expenses incurred in defending an action brought by the Mongusos.
Selected issued an automobile liability policy to defendant William Pietrucha, the father of Richard. The policy was obtained by William from defendant David Berman through the "Assigned Risk Plan." Berman was not an agent of Selected, but a broker. The parties have stipulated that the policy provisions were as hereafter set forth.
The policy provided:
"The following are insured * * *
(a) With respect to the owned automobile
(1) The named insured and any resident of the same household,
*494 (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured:
The insurance afforded * * * applies separately to each insured against whom claim is made or suit is brought * * *.
`Named insured' means the individual named in Item I of the declaration and also includes his spouse if a resident of the same household;
`Insured' means a person or organization described under `Persons Insured'."
William alone was the "named insured."
On June 22, 1961 Richard, a minor and a member of his father's household, was involved in an automobile accident while driving the insured vehicle and was instantly killed. Three passengers were in the car with the decedent; two were also killed and one seriously injured. At the time of the accident the policy was in force, and there is no dispute that Richard was covered under the above-stated policy provisions.
The pertinent notice provisions of the policy were as follows:
"3. Notice
In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to time, place and circumstances thereof and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable * * * If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative * * *

* * * * * * * *
No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy * * *."
Within 24 hours after the accident William notified David Berman of it. However, Berman did not notify Selected. Although not informed by either William or Berman, Selected received notice through one of the persons injured, on July 25, 1961, 33 days after the accident. Selected investigated the matter, obtained statements and, on December 27, 1961, filed answers in this action on behalf of William individually and *495 as "Guardian ad Litem and Natural Guardian of the person and property" of Richard. Selected says it did so reserving its right to disclaim. For the purposes of this opinion, we shall assume that is so. Thereafter Selected disclaimed liability and withdrew from the defense of the litigation on the sole ground that the notice received by it was too late.
On February 27, 1963 John B. Rush was appointed administrator ad litem of the estate of Richard; prior to this time there had been no formal appointment of a legal representative of the decedent or his estate. Immediately upon his appointment Rush gave Selected formal notice of the accident and requested it to defend the estate under the terms of the insurance policy. Selected declined. Thereafter he filed third-party complaints against Selected upon the insurance contract and against Berman for failing to inform the company of the accident.
Rush and Selected made cross-motions for summary judgment. The trial court granted Rush's motion for summary judgment and denied Selected's, holding that the notice by Rush, even though it was given one year and nine months after the date of the accident, was given "as soon as practicable" under the circumstances.
Selected appeals not only from the judgment in favor of Rush but also from the denial of its own motion for summary judgment. It claims that notice 33 days after the accident was too late as a matter of law, and the fact that Richard was killed in the accident is immaterial, citing Sawyer v. Travelers Ins. Co., 10 F. Supp. 848 (D.C.E.D. Va. 1935). But see Krauss v. Brooklyn Fire Insurance Co., 130 N.J.L. 300 (E. & A. 1943); Baylor v. State Mutual Life Assurance Company, 113 N.J.L. 389, 394-395 (E. & A. 1934); Revell v. Columbian Protection Ass'n, 9 N.J. Misc. 1311, 157 A. 553 (Sup. Ct. 1931); Metropolitan Casualty Ins. Co. of New York v. Johnston, 247 F. 65, 7 A.L.R. 175 (3 Cir. 1917); Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625, 45 N.E. 563 (Sup. Ct. 1896); cf. Matthews v. American Central Ins. Co., *496 154 N.Y. 449, 48 N.E. 751, 39 L.R.A. 433 (Ct. App. 1897).
Selected argues that William could and should have given timely notice; that indeed William undertook to give that notice, but gave it to Berman who failed to communicate it to Selected. On the other hand, Rush contends that since Richard was killed, there was no obligation upon anyone to give notice until an "official representative" of Richard's estate was appointed, no matter how long after the accident that appointment might have been delayed. Rush says in his brief, "Certainly upon his death no one could act in his place except by an official act. The decedent's rights under this policy should not be cut off by reason of the action or inaction of a volunteer."
We disagree with Selected's position that the death of an insured is immaterial in determining whether notice was given "as soon as practicable." On the other hand, the facts of this case do not require us to accept Rush's position that notice on behalf of a deceased insured need not be given until an "official representative" of the deceased or his estate has been appointed, even though that might not be until years after the accident. We hold that under the facts of this case the notice which Selected did receive from one of the injured parties 33 days after the accident was timely, and redounded to the benefit of Richard's estate.
The policy itself draws a distinction between the "named insured" and others insured. Under it there may be more than one insured with reference to a given accident, in which case it applies separately to each insured against whom claim is made or suit is brought. In addition, those injured as a result of an accident have an interest in the insurance. The policy provides that notice may "be given by or for the insured." Laying aside all questions of timeliness and completeness, if the insurance company receives any notice, it makes no difference who gives it and it is regarded as if given by or for all parties in interest. Costanzo v. Pennsylvania Threshermen & Farmers' Mutual Casualty Ins. Co., 30 N.J. *497 262, 272 (1959); Mariani v. Bender, 85 N.J. Super. 490, 499 (App. Div. 1964), certification denied 44 N.J. 409 (1965); Miller v. Zurich Gen. Accident and Liability Ins. Co., 36 N.J. Super. 288, 293 (App. Div. 1955). See also 8 Appleman, Insurance Law and Practice § 4738, p. 50 (1962); 7 Couch 2d Insurance § 49:25, p. 652; § 49:64, p. 679 (1965); Annotations, 72 A.L.R. 1375, 1425-1428 (1931), 76 A.L.R. 23, 37 (1932), 123 A.L.R. 950, 953 (1939), and 18 A.L.R.2d 443, 456 (1951); Slavens v. Standard Acc. Ins. Co., 27 F.2d 859, 861 (9 Cir. 1928); McClellan v. Mandonti, 313 Pa. 515, 169 A. 760 (Sup. Ct. 1934); Bethlehem Steel Company v. Continental Casualty Co., 208 F. Supp. 354, 356 (D.C.E.D. Pa. 1958); Helvy v. Inland Mutual Insurance Company, 132 S.E.2d 912, 918 (W. Va. Sup. Ct. App. 1963). In Travelers Insurance Co. v. General Casualty Co., 187 F. Supp. 234 (D.C.E.D. Idaho 1960), it was given by another insurer.
However, that still leaves the question of the timeliness of a notice. If the insured claiming the benefit of a notice given by another was himself able to give earlier notice, a notice given by such other 33 days after an accident may not be timely. For example, if it were William who was suing for counsel fees incurred by him, it might be that, as to him, the 33 days notice was out of time. But here, since Richard was killed and no one had been appointed to represent his estate, the notice given on the 33rd day was timely as to his estate and redounded to its benefit and the benefit of those claiming through it.
The judgment is affirmed.