James L. Watson, J.
Plaintiff brings this action against her insurer, Travelers Indemnity Company, for payment of medical expenses incurred as a result of injuries sustained by her son while a passenger in an automobile owned by a friend of his. Of the total $2,195.70 medical bill, $2,000 had heretofore been p'aid by the insurer of the friend’s automobile in which plaintiff’s son was riding. The plaintiff’s son was covered for medical payments under the plaintiff’s own policy as well. The plaintiff’s insurance company defends on the ground that certain exclusionary language in the policy obligates them to pay only that amount of the medical expenses not paid by the friend’s insurance company. The case was tried on a stipulated and agreed-to statement of facts. That stipulation concludes: 11 In the event of judgment for the plaintiff it shall either be in the sum of $2000, if the policy is interpreted in favor of the plaintiff, or the sum of $195.70, if the interpretation is in favor of the defendant.”
The issue for determination by the court is whether under the language of defendant’s policy and particularly Condition 24, " Other Insurance ’ ’ means other insurance held by the insured, or by strangers.
The medical payments coverage provided by defendant’s policy is expressed as follows:
Part II — Expenses for Medical Services
Coverage <C — Medical Payments
To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
*1001 Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called “ bodily injury,” caused by accident, while occupying or through being struck by an automobile.
Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying
(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of •the named insured; or
(b) a non-wwned automobile, if the bodily'injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer.
Definitions contained in Part I and applicable to Piart II are as follows:
“ relative ” means a relative of the named insured who is a resident of the same household;
“ owned automobile ” means a private passenger, farm or utility automobile or trailer owned by the named insured, and includes a temporary substitute automobile;
# # #
“non-owned automobile” means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.
Condition 24 reads as follows:
Other Insurance:
If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurcence over any other valid and collectible automobile medical payments insurance. (Emphasis supplied.)
The medical expenses provisions of automobile liability policies have generally been construed by the courts to constitute a separate and independent obligation of the insurer. See Severson v. Milwaukee Auto. Ins. Co. (265 Wis. 488). (See, also, Truitt v. Gaines [U. S. Dist. Ct., Del.], 199 P. Supp. 143, 153; Distefano v. Delta Fire & Cas. Co., 98 So. 2d 310 [La. App.].)
One of defendant’s principal arguments is that the insured should not be permitted to recover twice for the same injuries. Generally the courts have held that payment of medical expenses under the liability provisions of an automobile insurance policy does not bar recovery of medical expenses for the same injury under the medical payments provision of the policy (see Sever *1002 son v. Milwaukee Auto. Ins. Co., supra; Bordelon v. Great Amer. Ind. Co., 124 So. 2d 634, 639 [La. App., 1960]; Long v. Landy, 35 N. J. 44 [1961]). The same is true where the injured party is a member of a prepaid hospitalization plan such as Blue Cross and Blue Shield and the medical expenses have been paid under the hospital plan. (See Kopp v. Home Mut. Ins. Co., 6 Wis. 2d 53 [1958].)
In American Ind. Co. v. Olesijuk (353 S. W. 2d 71, 73 [Tex., 1961]) the Texas Court of Civil Appeals said: “ The fact that the insured has other arrangements for the reimbursement of his expenses does not operate to relieve appellant of its obligation as expressed in its contract in plain, certain and unambiguous language. * * * If appellant desired to limit its liability to actual loss or damage ultimately suffered by the insured, it could have and should have done so in its policy.” (See, also, State Farm Mut. Auto. Ins. Co. v. Fuller, 232 Ark. 329; Feit v. St. Paul Fire S Mar. Ins. Co., 209 Cal. App. 2d Supp. 825.)
In considering the problem in this case, specific reference is made to the standard policy provisions regarding " excess insurance ”. Where the insured has paid the premiums on more than one policy, double recovery depends on whether the policies contain the excess insurance clause. If the policies do not contain an excess insurance clause, it is well settled that the companies are bound by the contracts as written by them and.thus double recovery is possible. If such clauses are included in both policies, prorata recovery is the usual result. Where one policy contains an excess insurance clause and the other does not, the company writing the latter policy will pay the total amount of the claim up to the limit of the coverage under its policy and the company writing the former policy will pay the excess insurance up to the limits of its policy. (See Fairchild v. Liverpool & London Fire & Life Ins. Co., 51 N. Y. 65.)
The problem is more difficult, as in the instant case, where the insured or a member of his family is injured as a passenger covered by such a policy, while riding in an automobile owned by a third party who also has automobile medical payments coverage extending to the insured, members of his family and passengers.
Defendant argues that Condition 24, and specifically the clause dealing with " excess insurance ”, is clear and unambiguous. Plaintiff replies that the language of Condition 24 is ambiguous and that there is no clear and concise understanding which the ordinary man of average intelligence might *1003 attach to the “ Other Insurance ’ ’ provision. Therefore the contract must be strictly construed against the insurer and most favorably for the insured.
In the case of McGrail v. Equitable Life Assur. Soc. of United States (292 N. Y. 419, 424) the Court of Appeals said that such ‘ ‘ meaning must be given to the terms used as would be ascribed to them by the average man in applying for insurance and reading the language of the policy at the time it was written”. (See Lewis v. Ocean Acc. & Guar. Corp., 224 N. Y. 18; Silverstein v. Metropolitan Life Ins. Co., 254 N. Y. 81.)
Consistently followed in this State has been the rule which dictates constructing any ambiguity against the insurer and this is particularly true where exclusions and conditions are involved. (See Shneiderman v. Metropolitan Cas. Co., 14 A D 2d 284; Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442.)
The problem in the instant case appears to be one of first impression in this jurisdiction. The relief sought by plaintiff herein is not unusual, but it is unusual that neither of the respective parties were able to find judicial precedent in this jurisdiction analogous to this case.
In Johnson v. New Jersey Mfrs. Ind. Ins. Co. (69 N. J. Super. 184 [1961]) the court found ambiguity in a medical payments provision with the same language as exists in defendant’s policy. In the Johnson case the insured’s infant child was injured while riding as a passenger in an automobile of another whose policy also provided medical payments coverage. The insured’s policy paid a maximum of $500 to an injured member of the family, while the car owner’s policy had a maximum individual coverage of $2,000. Medical expenses incurred were in the amount of $966.55. The plaintiff had previously recovered under the car owner’s policy the full amount. Plaintiff then sued on her own policy for a prorata share of the medical costs. The defendant argued that it was liable to the plaintiff only for the excess amount and since the third party had paid the full amount, the defendant was obligated to pay nothing. The court rejected this argument of defendant and held that plaintiff was entitled to a prorata share under her policy. The court in finding for the plaintiff reasoned (pp. 189-190): “ The company in drafting its policy was free to provide categorically that its coverage in all events was excess insurance. By the same token it lay with the company to accept pro rata liability without qualification. It chose a middle course by distinguishing its liability in the case of a non-owned vehicle from that in which an ‘ owned ’ auto *1004 mobile is involved. Well may it be said that it did so in furtherance of its intention to extend to the assured and his relatives a more favorable, and hence more attractive, contract than to the unknown ‘ any other person.’ So viewed, it is reasonably inferable that the company deliberately limited its liability to excess insurance for losses sustained by ‘ any other person ’ occupying a ‘ non-owned vehicle ’ and that this limitation applies only to a loss arising under Division 2.”
The only distinction between the Johnson case and the instant case is that the plaintiff sued for a prorata share under her policy.
At the very least the New Jersey court found the insurer’s policy ambiguous in the respects at issue. This court too finds Condition 24 ambiguous in what is meant by ‘ ‘ Other Insurance ’ ’ and its application to the ‘ ‘ named insured and each relative ’ ’ sustaining injuries in an automobile accident. When more than one interpretation can be afforded a particular provision or clause, the interpretation most favorable to the insured will be applied. (See Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 577.)
It is well established that a contract of insurance must be construed in its entirety when the purpose is to determine intent of the parties. That is, all words, parts, and provisions of a policy must be construed together as one entire contract and all the terms and conditions of each part must be read and interpreted in the light of all the other parts. (See Schloss v. Fidelity Mut. Life Ins. Co., 193 Misc. 121 [1948]; Sassi v. Jersey Trucking Serv., 283 App. Div. 73.)
In the instant case defendant’s policy is divided into several Parts affording the insured different types of coverage. Following the last Part is a list of 32 Conditions with designated headings and reference to the several Parts of the policy. Condition No. 24 is entitled “ Other Insurance ” and refers to Part II, the medical payments coverage. There are also three other Conditions entitled “Other Insurance ”, each referring to a different Part. In each Condition of “ Other Insurance ”, except Condition 24, the insured is referred to by name, and is definite and certain as to what is meant by “ Other Insurance ”.
Condition 23 (Part I) Other Insurance.
11 If the insured has other insurance * *
Condition 25 (Part IV) Other Insurance.
“ With respect to bodily injury to an insured while occupying an automobile not owned by the named insured ”.
*1005 Condition 26 (Part V) Other Insurance.
“ If the insured has other insurance
In each provision cited above the language is simple, clear and certain that “ Other Insurance ” means insurance owned by the named insured. Condition 24 does not refer either to the insured or specifically to an unknown third party.
The defendant does not attempt at any point in its policy to define “ Other Insurance ” except as in Conditions 23, 25 and 26, supra. In the absence of any other definition a reasonable reading of Condition 24 would also relate " Other Insurance ’ ’ to insurance owned by the insured.
The courts of this State when confronted with the problem of defining or constructing a meaning of “ Other Insurance ” have consistently reasoned as the court did in Oakley v. Firemen’s Ins. Co. of Newark, N. J. (70 N. Y. S. 2d 458, 460) when-it said: “ ‘ Other insurance ’ must be on the same interest, and insurance obtained by a third person upon another distinct insurable interest does not constitute ‘ other insurance ’ within the meaning of an apportionment clause.” And Chief Judge Cabdozo stated in Suetterlein v. Northern Ins. Co. (251 N. Y. 72, 76): “ What is presupposed throughout is identity of interests. If the coverage of one policy is an interest wholly separate, in substance as well as in form, from the coverage of the second, there is no other insurance ’ within the scope of the condition.” (See, also, Smith v. Northern Ins. Co., of N. Y., 232 App. Div. 354; Lewis v. Guardian Fire & Life Assur. Co., 93 App. Div. 157.)
It is generally understood that an automobile insurance contract is regarded as a contract for indemnity, that is, to reimburse one for his actual loss. Double recovery yielding a profit on an injury to an insured is not consistent with the basic concepts of this type of insurance. However, it must be remembered that in the instant ease two different insureds were paying premiums to two different insurers, to protect their separate and distinct insurable interests. It was only coincidental that the policies overlapped, and this should not deny plaintiff recovery against her insurer, a protection for which she paid premiums. If the defendant meant to include under “ Other Insurance ” that owned by unknown third parties in Condition 24, it should have so stated, leaving no doubt.
Judgment for the plaintiff for the sum of $2,000, plus appropriate interest.