Samuel H. Hofstadter, J.
Plaintiff has recovered a judgment for $2,174.50 on a family automobile policy issued to her by defendant. The case was submitted to Judge Watson below on a stipulation of the facts. His opinion is reported in 44 Misc 2d 999.
The policy covers four separate classifications, namely: A. Bodily Injury Liability; B. Property Damage Liability; C. Medical Payments; and F. Family Protection. Separate premiums were charged for each category. Each category constitutes a separate contract of insurance (Truitt v. Gaines, 199 F. Supp. 143, 153-155; Severson v. Milwaukee Auto Ins. Co., 265 Wis. 488; Distefano v. Delta Fire & Cas. Co., 98 So. 2d 310 [La.]; Bordelon v. Great Amer. Ind. Co., 124 So. 2d 634 [La.]).
*878 Part I of the policy relates to classifications A and B and covers the insured’s liability to others from the ownership or use of an automobile. Part II of the policy, entitled ‘ ‘ Expenses for Medical Services ” relates to classification C and is the basis for the lawsuit before us.
In pertinent part, Part II reads:
“ Coverage C — Medical Payments
“ To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services,:
“ Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called ‘bodily injury,’ caused by accident, while occupying or through being struck by an automobile;
‘ ‘ Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying
“ (a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or
“(b) a non-owned automobile, if the bodily injury results from (1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant or (2) its operation or occupancy by a relative, provided it is a private passenger automobile or trailer.”
The policy does not define ‘ ‘ relative ’ ’ under Part II. Under Part I “relative” means a relative of the insured who is a resident of the same household. Presumably the same meaning applies to Part II (see Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442).
Plaintiff’s son was injured on June 8, 1961, while a passenger in a car owned and operated by one Herbert. Because of his injuries, plaintiff spent $2,195.70 in medical expenses. Herbert’s policy, issued by the Ætna Casualty Company, also contained medical payment provisions and Ætna paid plaintiff $2,000 under these provisions. Plaintiff seeks a like amount from defendant Travelers under her own policy. It was stipulated that plaintiff is entitled to $2,000 under her own policy if the policy is interpreted in her favor; or $195.70, if the policy is interpreted in favor of defendant (i.e., that defendant is liable only for the excess spent by plaintiff over the amount received *879 by her from Ætna). The court below interpreted the policy in favor of plaintiff.
The matter is apparently one of first impression in this State. Judge Watson’s construction follows that of Johnson v. New Jersey Mfrs. Ind. Ins. Co. (69 N. J. Super. 184) decided by the Appellate Division of the New Jersey Superior Court when passing on coverage in identical language to that at bar, except that, in accordance with the stipulation of the parties, he granted judgment for plaintiff in the sum of $2,000 — a result different from that of the New Jersey court.
The New Jersey Appellate Division noted that Division 1 of Coverage C is broader than that of Division 2. In broad strokes, the company under Division 1 agreed to pay all reasonable medical expenses incurred within one year from the date of an accident to “ the named insured and each relative * * *
while occupying or through being struck by an automobile.” Division 2, applicable to “any other person” is much more limited in scope. The contingency that other insurance against loss covered by Part II might exist is governed by paragraph 24 of the policy. In a long sentence divided by a semicolon, the paragraph provides:
1. If there is such other insurance, the company is not liable 1 ‘ for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance
2. Provided that the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.
The only place a ‘ ‘ non-owned ’ ’ automobile is mentioned in Part II is in subdivision (b) of Division 2, dealing with “ any other person ’ ’ than the insured or a relative. In the case of injury to the insured or a relative, covered by Division 1, the proviso clause does not apply. (See, also, Kopp v. Home Mut. Ins. Co., 6 Wis. 2d 53.)
Meaning must be given to the terms used in a policy “ as would be ascribed to them by the average man in applying for insurance and reading the language of the policy at the time it was written” (McGrail v. Equitable Life Assur. Soc., 292 N. Y. 419, 424; Prince v. United States Life Ins. Co., 42 Misc 2d 410, affd. 23 A D 2d 723). The policy is construed “ most strongly” against the insurer (Janneck v. Metropolitan Life Ins. Co., 162 N. Y. 574, 576-577). “ The rule which dictates *880 construction of any ambiguity against the insurer has particular application where exclusions are involved ” (Shneiderman v. Metropolitan Cas. Co., 14 A D 2d 284, 289). Any doubt in the construction to be adopted must be resolved against the company which wrote the policy (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442, 447, supra; Taylor v. United States Cas. Co., 269 N. Y. 360, 364; Ætna Cas. & Sur. Co. v. General Cas. Co., 285 App. Div. 767, 770).
Reading the policy before us as would “ the average man ”, we conclude that the actual liability of defendant is for a prorata share of the total insurance covering medical expenses — and this was the holding of the Few Jersey court (see, also, American Lumbermens Mut. Cas. Co. v. Lumber Mut. Cas. Ins. Co., 251 App. Div. 231).
For its own reasons, defendant, neither in its answer nor in the stipulation below, asked that its liability be limited to a prorata share of the total insurance — and does not seek this relief in this court. The stipulation fixed the alternatives of the court below to $2,000 if plaintiff is right and $195.70 if defendant is right; and defendant in this court requests that the judgment be reduced to $195.70 —the excess over the $2,000 received by plaintiff from .¿Etna. This position of defendant is without merit.
The California cases cited by defendant are distinguishable; and we do not go along with the decisions in Wyman v. Allstate (N. Y. L. J., Oct. 28, 1965, p, 20, col. 7) and Vallaire v. Employers Liab. Assn. Corp. (177 So. 2d 391 [La.]). Defendant’s other arguments are adequately disposed of in the opinion of the court below.
The judgment should be affirmed, with $25 costs.
Hecb:t and Gold, JJ. concur.
Judgment affirmed, etc.