Sidney Gold, J.
In this case, which has been submitted to the court on an agreed statement of facts, the plaintiff, Sidney S. Bachrach, as administrator of the goods, chattels and credits of Phyllis Helen Bachrach, deceased, sues to recover from defendant, ¿Etna Insurance Company, the sum of $2,155.20 for funeral expenses under the medical payments provisions of a family combination automobile policy of insurance issued by the defendant to the deceased. The answer of the defendant consists of a general denial.
The policy issued to the deceased prior to February 5, 1965 was in effect, on that, date when she met her death while a passenger in an automoble owned and operated by one David Carrington, which collided with a vehicle owned by one Lillian M. Thompson. The policy issued to the deceased contained a medical payments provision in the sum of $5,000 for each person. That section reads as follows:
“PART II-EXPENSES FOR MEDICAL SERVICES
“ Coverage C-Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services(italics mine).
The plaintiff incurred and paid the following expenses within one year from the date of the collision:
a. Brooks Funeral Home...................$ 125.00
b. Brettschneider Funeral Home............ 1,309.00
c. Grave in Baron Hirsch Cemetery Association, Inc....................... 180.00
d. Cantor Louis Feder..................... 25.00
e. Rabbi Abraham Hartstein (items d and e were in connection with funeral service) 25.00
f. Gresser Monumental Works, Inc.......... 191.20
g. Perpetual care for grave in which deceased is interred ................... 300.00
$2,155.20
*93 Defendant concedes that items “a” and “ b ” hereof are covered by the policy. It disputes, however, the remainder of the above items, contending they are not “ reasonable ” and/or “ necessary ” and within the meaning and intent of the medical payments section of the policy. It concedes that the sums paid by the plaintiff for those disputed items are reasonable in amount.
The policy of the insurance carrier covering the Carrington car in which the deceased was a passenger at the time of her death also provided for medical payment coverage in the limit of $500 per person, for which plaintiff will make claim and which he expects to receive.
The subject policy also contains the following clause: “ otheb nsrsuBAHCE. If there is other automoblie medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance.” (Italics mine.)
The issues involved herein are (1) whether items “c” through “ g ” above are reasonable and necessary expenses for funeral services within the medical payments coverage part of the policy and (2) whether or not the medical payments insurance forming part of the policy issued by the defendant is, with respect to the non-owned automobile in which the decedent was a passenger, “ excess insurance over the other valid and collectible automobile medical payments insurance in the sum of $500.00 which was in full force and effect on the automobile in which decedent was a passenger at the time of the accident.”
The defendant argues, first, that the expenses incurred under items “ c” through “ g ” are not necessary expenses for funeral services within the meaning of the medical payments coverage provisions of its policy; that they are not furnished as part of a funeral but are a matter of plaintiff’s personal choice. It further argues that the exclusory language of the policy obligates it to pay only the excess insurance over the other valid and collectible automobile medical payments insurance in the sum of $500 which was in full force and effect on the automobile in which decedent was a passenger at the time of the accident. Plaintiff urges that “funeral services” embraces all of the items for which recovery is sought; that, lacking any descrip *94 ticm of the items intended to be covered under such a term, it can only be construed as funeral expenses and, furthermore, there is at least an ambiguity which must be resolved in favor of the insured; that the burden of showing the exclusion of the loss is on the defendant. He further urges that the insurance under the policy carried by the owner of the car in which deceased was a passenger is not excess insurance and that defendant herein may not use the benefits under that policy as an offset against his claim.
With respect to the issue as to whether items “ c ” through “ g ” are covered by the policy, defendant has stipulated that the charges were ‘ ‘ reasonable ’ ’ and the only question is whether these items were “necessary” within the meaning of the insuring clause herein.
The court finds that the expenses incurred for the grave (item “ c ”), the services of a cantor and rabbi (items “ d ” and “ e ”) and the cost of a gravestone (item “ f ”) were necessaries to a funeral service under a reasonable construction of the policy. The charge for perpetual care of the grave in the amount of $300 (item “ g”) is disallowed as being a personal choice of the deceased’s representative and not necessary to the usual and customary funeral service.
As to defendant’s argument that an exelusory clause in the policy renders it liable to pay only the excess over the $500 coverage afforded by the insurance carrier of the car in which the deceased was a passenger at the time of her death, this question was recently considered in a similar case by the Appellate Term, First Department, Feltenstein v. Travelers Ind. Co. (49 Misc 2d 876). The court, in an opinion by Hoestadteb, J., held that where there was other insurance both companies are liable for a prorata share of the covered medical expenses based on the proportion of their insurance to the total coverage.
Accordingly, since the total insurance of both carriers herein is $5,500, of which defendant covers $5,000, it must bear 10/llths of the expense. The court finds that the covered expense is $1,855.20 and defendant is liable for $1,686.50. Judgment is directed in favor of the plaintiff against the defendant in this amount, plus interest from June 29,1965.