418 P.2d 531

**Vanner H. HOLMES, Jr., Plaintiff-Appellee,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE IN-SURANCE COMPANY, a corporation, Defendant-Appellant.**

**No. 7946.**

Supreme Court of New Mexico.

Oct. 3, 1966.

McKenna & Sommer, Santa Fe, for appellant.

Leslie D. Ringer, Santa Fe, Chacon & Melendez, Espanola, for appellee.

## OPINION

MOISE, Justice.

Plaintiff-appellee sought by this action to have the court declare his rights to coverage under a policy of automobile insurance issued to him by defendant-appellant. From a judgment that the policy of insurance covered plaintiff's loss, defendant has appealed.

The only question is whether under the facts the "other insurance" provision of the policy issued by defendant provided insurance to plaintiff. The provision in question reads:

"14. Other Insurance. If the insured has other insurance against liability or loss covered by this policy, the company under all coverages except Coverages C and M (Medical Payments), shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss.

\* \* \* \* \* \*

"All of the foregoing provisions and all coverages are subject to the following:

(a) The insurance with respect to a newly acquired automobile shall not apply to any liability or loss against which the insured has other collectible insurance applicable thereto in whole or in part.

(b) The insurance with respect to a temporary substitute automobile, a trailer and a *non-owned automobile shall be excess over other collectible insurance.* \* \* \* (Emphasis supplied).

Plaintiff had an accident while driving a motor vehicle belonging to John Block, Jr., who had insurance with State Automobile and Casualty Underwriters. That company paid Block for his loss, took an assignment of Block's claim and filed suit against Holmes thereon. Defendant has refused to recognize any responsibility under the policy to pay any amount adjudged to be due from plaintiff to Block's insurer.

Coverage "G" in defendant's policy of insurance reads:

"Deductible Collision. To pay for loss to the automobile caused by collision with another object or upset of the automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto. \* \* \*"

The trial court found that this coverage entitled plaintiff to recover against defendant on account of any amounts determined to be due from plaintiff to Block's insurer for damages arising out of the accident involving Block's car while driven by plaintiff.

The problem presented requires our determination of whether paragraph 14(b)

quoted above excuses defendant whenever there is collectible insurance on a "non-owned" automobile being driven by defendant's insured, even though the other insurance does not protect defendant's insured.

■ We must answer the question in the negative. Recognizing that the provision as written may be subject to a different interpretation and is ambiguous, we are committed to the view that liberal construction should be indulged in favor of the insured. Erwin v. United Benefit Life Insurance Co., 70 N.M. 138, 371 P.2d 791. In the Erwin case we further said that, "The clauses of an insurance policy are to be construed as constituting a contract between the parties and intended to be a complete and harmonious instrument designed to accomplish a reasonable end."

It cannot be reasonably argued that when the "other insurance" clause starts out by saying, *"If the insured has other insurance against liability or loss"* (emphasis supplied), the company is liable only for its proportionate share of the coverage but, under (b), where a non-owned automobile is concerned, the company is not liable at all even though the insured was not covered by the "other insurance." If we assume a case of $2500.00 coverage under "G," $1000.00 insurance under Block's policy, and damages of $2000.00, defendant's position would require plaintiff to pay the first $1000.00 and it would be liable for the $1000.00 excess. To our minds, no such result could have been contemplated, nor does the language require it. That there was language at hand to clearly state such an agreement cannot be doubted. Having preferred the ambiguous language utilized, the insured plaintiff is entitled to have the ambiguity resolved in favor of coverage. Morris v. Fireman's Fund Insurance Company, 72 N.M. 395, 384 P.2d 465.

Defendant's position is not improved by the fact that in clause (a) the reference is to "liability against which the insured has other collectible insurance." This language conforms to the basic paragraph 14 as stated above and, insofar as the language in (b) does not conform thereto, the ambiguity thereby created must be read so as to favor coverage.

We do not feel that either Clark Motor Co. v. United Pac. Ins. Co., 172 Or. 145, 139 P.2d 570, or Cameron v. Reserve Insurance Co., 237 La. 433, 111 So.2d 336, gives support to defendant's position. The provision construed in the Clark Motor Company case differs materially from that here under consideration. In Cameron, the provision in one policy clearly stated that the insured was not covered for "any loss when there is any other insurance * * * whether such other insurance covers the interest of the insured or spouse, the owner of the automobile or any other person or organization." This language is

clear and unambiguous and could only be read to accomplish the result here sought by defendant. The differences in the two provisions are apparent, and whereas we take no issue with the result in Cameron, to our minds a contrary result is indicated here under the provision we are interpreting. See Feltenstein v. Travelers Indemnity Co., 44 Misc.2d 999, 255 N.Y.S.2d 404, aff'd 49 Misc.2d 876, 268 N.Y.S.2d 673. The court did not err.

The judgment appealed from is affirmed. It is so ordered.

J. C. COMPTON, J., and E. T. HENSLEY, Jr. C. J., Court of Appeals, concur.