419 P.2d 229

**MARYLAND CASUALTY COMPANY, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant and Cross-Appellee.**

**No. 7788.**

Supreme Court of New Mexico.

Oct. 10, 1966.

LaFel E. Oman, Garnett R. Burks, Jr., Las Cruces, for appellant and cross-appellee.

J. D. Weir, J. R. Crouch, Las Cruces, for appellee and cross-appellant.

## OPINION

MOISE, Justice.

We are here called upon to determine the relative rights of two insurance companies in connection with a loss covered by policies issued by each.

At all material times the plaintiff, Maryland Casualty Company, hereinafter referred to as "Maryland," had in force a comprehensive general liability policy insuring R. R. Burke and Sons, hereinafter referred to as "Burke." The insuring agreement read:

> "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of prop-

erty, including the loss of use thereof, caused by accident."

The policy contained an exclusionary clause, reading:

"This policy does not apply: * * *.

(b) to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles while away from the premises or the ways immediately adjoining."

A provision regarding "other insurance" also appeared in the policy. This paragraph read:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

Defendant, State Farm Mutual Automobile Insurance Company, hereinafter referred to as "State Farm," at all material times, had in effect a policy of automobile insurance covering a 1953 Studebaker 2-ton tank truck owned by Burke. The property damage liability coverage was limited to $25,000.00. The material part of the insuring agreement read:

"(1) To pay all damages which the insured shall become legally obligated to pay because of . . . .

(B) injury to or destruction of property of others, caused by accidents arising out of the ownership, maintenance or use, including loading or unloading, of the automobile."

The policy defined "insured" insofar as pertinent, as follows:

"Insured—under Coverages A and B, the unqualified word 'insured' includes the named insured, and if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use is by the named insured or such spouse or with the permission of either."

This policy likewise had a provision covering "other insurance" reading:

"If the insured has other insurance against liability or loss covered by this policy, the company under all coverages except Coverages C and M, shall not be liable for a greater proportion of such liability or loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or loss. * * *"

State Farm paid $15,759.90 on account of a loss resulting to several property owners when gasoline blew back from an underground tank on the premises of Atlas Lumber Company, installed and owned by Standard Oil Company of Texas, herein-

after referred to as "Standard Oil," while delivery of gasoline was being made by one Bowden, an employee of Burke, from the 1953 Studebaker tank truck insured by State Farm. A fire resulted causing damages for which judgments were recovered jointly and severally against Burke and Standard Oil totalling $31,519.81. Standard Oil or its general liability insurer, on its behalf, paid one-half the judgment and Maryland, as Burke's general liability insurer, reimbursed it and took a receipt and assignment of Standard Oil's rights. In this action Maryland seeks to recover from State Farm the amount of $9,240.10, representing the difference between $15,759.90 and the $25,000.00 limit of State Farm's policy. Defendant contends that $15,759.90 paid by it is the limit of its obligation. In so asserting, principal reliance is placed upon the "other insurance" provision in its policy quoted above.

Plaintiff points to the fact that in the trial wherein Burke and Standard Oil were held jointly and severally liable, special interrogatories were submitted to the jury whereby they determined that Burke "was an agent of Standard Oil, as distinguished from an independent contractor," and further that both Burke's driver, Bowden, and Burke were negligent, and the negligence of both were proximate contributing causes of the fire.

It is defendant's position that notwithstanding the finding of negligence on the part of Burke and Bowden, Standard Oil owned the tanks and had a duty to maintain them so that a blowback would not occur, and that the proof before the court did not foreclose the presence of negligence of Standard Oil in this particular. Because of this fact, and the absence of direct evidence in this case, defendant asserts that the finding by the court that Bowden was negligent in "permitting gasoline to overflow and ignite" is not supported by the evidence.

Defendant concedes that if the fire resulted solely from negligence of Bowden, the driver of the truck, in permitting the tank to overflow, the court's conclusion that the primary liability was defendant's to the amount of its coverage, and the excess was plaintiff's would be correct.

It seems to us that there can be no question that the damage resulted from negligence of Bowden and Burke during the course of delivering gasoline, and that liability under its policy accordingly attached, nor do we understand that defendant asserts to the contrary. No issue is made of whether causal connection was present between the operation of the truck and the unloading, or if the "complete operation" doctrine or the "coming to rest" doctrine is the correct one to be applied. See Anno. 160 A.L.R. 1259; 95 A.L.R.2d 1122. Rather, it is defendant's theory that the proof does not establish that the accident resulted alone from the negligence in unloading, but rather

that the concurring negligence of Standard Oil in failing to properly install and maintain the tanks also entered in, and accordingly the situation is one calling for contribution between insurers, without primary liability of either as opposed to the other.

■ The court found nothing concerning any negligence on the part of Standard Oil, apart from that of Burke, its agent, "in failing to keep the vent pipe open or clear, or in failing to notify Mr. Bowden" of trouble experienced on previous deliveries. Is the finding of this negligence on the part of Burke in conflict with the court's finding that the loss resulted from Bowden's negligence in permitting the gasoline to overflow and ignite? We do not think so. Neither do we consider it material that the court found the specific manner in which the loss occurred. Rather, it would appear that Bowden having been found negligent and Burke having also been found negligent "in failing to keep the vent pipe open or clear, or in failing to notify Mr. Bowden, or one of the parties, that when the previous delivery had been made the vent pipe had been stopped up or partially stopped up, causing gasoline to blow back from the inlet pipe to the underground tank," both of which acts of negligence concurred proximately to cause the accident, defendant's liability was clear. We see neither finding nor request for a finding of negligence on the part of Stand-

ard Oil apart from that resulting from their position as principal to their agent Burke. What was said in Bogle v. Potter, 72 N.M. 99, 105, 380 P.2d 839, and American Hospital and Life Insurance Co. v. Kunkel, 71 N.M. 164, 376 P.2d 956, we consider to be a complete answer to defendant's arguments concerning shortcomings and errors in the findings.

■ We proceed to consider briefly the legal effect of concurrent negligent acts, one of which gives rise to liability of the automobile insurer and the other to that of the general public liability insurer. In the situation here present we have no difficulty in concluding that the primary liability is that of defendant. To so hold accords with the rule as stated in 7 Appleman, Insurance Law and Practice 168, § 4324. Although we have found no case with comparable facts to those here present, there are numerous cases in the books where injuries to persons or property occurred during loading or unloading operations and wherein a dispute had arisen between automobile insurers and general liability insurers as to who was primarily or principally liable. While we appreciate that differences between policy provisions may require contrary results in particular cases, it would seem fair to say that generally, where the unloading was proceeding at the time of the accident, the primary coverage has been held to be that of the automobile insurer. See, for example, Pacific Automobile In-

surance Company v. Commercial Casualty Insurance Company of New York, 108 Utah 500, 161 P.2d 423, 160 A.L.R. 1251; Continental Casualty Company v. Zurich Insurance Company, 57 Cal.2d 27, 17 Cal. Rptr. 12, 366 P.2d 455; State ex rel. Butte Brewing Co. v. District Court of Second Judicial Dist., 110 Mont. 250, 100 P.2d 932; Hardware Mutual Cas. Co. v. St. Paul Mercury Indemnity Co., 264 Wis. 230, 58 N.W.2d 646; Citizens Casualty Company of New York v. L. C. Jones Trucking Company (C.A.10, 1956) 238 F.2d 369. Compare, Maryland Casualty Company v. United Corporation of Massachusetts (D.C., D.Mass., 1940) 35 F.Supp. 570, where the same rule is recognized but the accident had no connection with or relation to the unloading which had been completed. Also compare, Ohio Casualty Insurance Company v. American Insurance Company, 75 N.M. 576, 408 P.2d 500, and Southern California Petroleum Corporation v. Royal Indemnity Company, 70 N.M. 24, 369 P.2d 407, neither of which do we consider to be of any aid in the instant case.

■ We have arrived at our conclusion without resort to the provisions of Maryland's policy insuring Burke for liability assumed under a contract, or consideration of the trial court's finding that Standard Oil made demand to be reimbursed for the one-half of the judgment paid by it, based upon contractual liability of Burke to Standard Oil. State Farm asserts that there is no evidence in the record to support this finding because the two paragraphs of the contract between Standard Oil and Burke containing an indemnity agreement had been excised from the copy of the contract placed in evidence in this case. We are limited in our review to what is disclosed by the record. Supreme Court Rule 17(1) (§ 21–2–1(17) (1), N.M.S.A.1953). However, the result already noted is in no way altered. State Farm had primary coverage to the extent of $25,000.00. It could not profit from the fact that another insurance company was responsible for the difference between the limits of its policy and the total loss. The "other insurance" clause clearly refers to other insurance "against liability or loss covered by this policy." We must only determine if Maryland's policy insured against the same liability or loss as did State Farm's. That it did not would seem clear. As a matter of fact Maryland's policy specifically excluded this accident, and its insurance arose because of some other agreement between it and Burke. Whether or not this was under the contract liability clause, which State Farm says we cannot consider, is immaterial. There can be no dispute that the two policies covered different risks—Maryland covered public liability to property of third persons, exclusive of injuries by trucks occurring off the insured's premises unless arising as a result of contractual liability assumed by insured, whereas State Farm covered loss resulting from use or operation of the truck

of insured. In addition, State Farm concedes that Standard Oil was itself an "insured" under the definition of that term in State Farm's policy.

This is not a case like Rallis v. Connecticut Fire Ins. Co., 46 N.M. 77, 120 P.2d 736, involving contribution between several companies, all of whom had insured against loss by fire of the same property. Likewise, our holding in United Services Automobile Association v. Agricultural Insurance Company of Watertown, N. Y., 67 N.M. 333, 355 P.2d 143, is not helpful.

We note the case of Incorporated Village of Enosburg Falls v. Hartford Steam Boiler Inspection & Ins. Co., 117 Vt. 114, 85 A.2d 577, which held that as between a company which insured generally against loss by fire and one which insured against fire loss to a generator, including that resulting from its sudden burning out, the "other insurance" clause providing for pro rata payment of loss did not apply where loss was to the generator by fire resulting from lightning. We quote from that case:

"Insurance is not concurrent unless the policies are on the same property or some part thereof, on the same interest in the property, against the same risk and in favor of the same party. 26 C.J. 363; Nobbe v. Equity Fire Insurance Co., 210 Minn. 93, 297 N.W. 349; 45 C.J.S., Insurance, § 922, page 1033.

"To constitute other or contributing insurance the policies must cover the same interest, the same property and the same risk. Turk v. Newark Fire Insurance Co., D.C., 4 F.2d 142, affirmed 3 Cir., 6 F.2d 533, 43 A.L.R. 496.

"Concurrent insurance is insurance which to any extent insures the same interest against the same casualty at the same time as the primary insurance, on such terms that the insurers would bear proportionately the loss sustained within the provisions of both policies. It designates insurance placed in different companies covering the same risk. 44 C.J.S., Insurance, § 48, page 495; Oppenheim v. Fireman's Fund Insurance Co., 119 Minn. 417, 138 N.W. 777.

"As a prerequisite to enforcing contribution between insurers, it is essential that the same risk have been insured. 46 C.J.S., Insurance, § 1207, page 150."

See also, 9 Couch on Insurance (2d Ed.) 9, § 37:1392; Cova v. Bankers & Shippers Ins. Co. of New York (Mo.App.1937) 100 S.W.2d 23; Lucas v. Garrett, 209 S.C. 521, 41 S.E.2d 212, 169 A.L.R. 660.

The rules announced above are applicable here. The coverage being for different risks the "other insurance" clause does not operate to require payment on an equal basis by the two companies. Rather, the primary liability being State Farm's, no duty or liability attached so far as Maryland was concerned until the policy limits in the State Farm policy had been exhausted. Compare Continental Casualty Company v. Zurich Ins. Co., 57 Cal.2d 27, 17 Cal.Rptr. 12, 366 P.2d 455.

**28**

Maryland has filed a ·cross ·appeal in which it complains that the trial court erred in· refusing to grant interest from March 21, 1962, the date on which it paid the amount herein sought to be recovered. State Farm concedes that if it does not prevail on the appeal, then Maryland's position on its cross appeal is correct.

It follows that the cause must be remanded to the trial court, with instructions to amend the judgment so as to include interest from and after March 21, 1962. In all other respects the judgment is affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.