431 P.2d 737

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**FOUNDATION RESERVE INSURANCE COMPANY, Inc., Defendant-Appellant.**

**No. 8292.**

Supreme Court of New Mexico.

Sept. 11, 1967.

Farlow & Duffy, Albuquerque, for appellant.

Eugene E. Klecan, Albuquerque, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Plaintiff, claiming as a subrogee, sought reimbursement from defendant for payments plaintiff made under its policy after defendant denied coverage under defendant's insurance policy. The issues are: (1) Was plaintiff's insured also an insured under defendant's policy? (2) Were conditions of defendant's policy pertaining to notice of accident and notice of suit met? (3) Was defendant's policy primary insurance? (4) Did plaintiff have a right of subrogation? (5) Was an indispensable party absent? (6) Was the suit brought by the real party in interest?

Lester Moore and his employer's compensation carrier sued Theodore Knerly and Kenneth Keys in Kansas for personal injuries allegedly received by Moore in an accident involving a Cadillac occupied by Knerly and Keys. The accident occurred in Kansas. Knerly owned the Cadillac; Keys was driving.

Defendant's policy of automobile liability insurance insured Knerly and covered the Cadillac. Plaintiff's policy of automobile liability insurance insured Keys and covered a car that is not involved in this litigation.

Defendant denied coverage to Keys and refused to defend Keys in the Kansas suit. Plaintiff then entered a defense for Keys and settled the claim against Keys for an amount in excess of the limits of defendant's policy for bodily injury to one person. In this suit, plaintiff recovered judgment for the amount of defendant's coverage for bodily injury to one person, plus its attorney fees and costs incurred in the Kansas litigation. Defendant appeals.

Was Keys an insured under defendant's policy? Its policy defines "insured" to include a person actually using the Cadillac with the permission of the named insured, Knerly.

Defendant claims there is no evidence that Keys was driving the car with Knerly's permission. In making this claim, it asserts that certain documentary evidence should not be considered because this evidence was admitted over defendant's objection. In answering the question of permissive use, we do not consider the evidence to which defendant objects.

Evidence, to which no objection was made, supports the finding that Knerly, who owned the car, was present while Keys was driving.

■ On these facts, the presumption arises that Keys was driving with the permission or as agent of Knerly. Fidelity & Cas. Co. v. Western Cas. & Sur. Co., 337 S.W.2d 566 (Mo.App.1960); Hall v. Blackham, 18 Utah 2d 164, 417 P.2d 664 (1966); Ross v. Burgan, 163 Ohio St. 211, 126 N.E.2d 592, 50 A.L.R.2d 1275 (1955) and the Annot., 50 A.L.R.2d 128; 12 Couch, Cyclopedia of Insurance Law, § 45:364 (2d ed. Anderson 1964); see Morris v. Cartwright, 57 N.M. 328, 258 P.2d 719 (1953).

■ The presumption is rebutted by evidence to the contrary. Marolt v. Lisitz, 94 Ohio App. 298, 115 N.E.2d 169 (1952).

In the absence of such evidence, the presumption is sufficient to sustain a verdict. Morris v. Cartwright, supra. Here, no evidence was introduced to rebut the presumption that Keys was driving with Knerly's permission. The presumption is sufficient to sustain the finding of permissive use. Being a permissive user, Keys was an insured under defendant's policy.

Even though an insured, was Keys covered under defendant's policy? Defendant says that Keys was not covered because three conditions of its policy were not met.

First, defendant claims that notice of the accident was not reported to it by its named insured or someone on his behalf. The policy does not require that the notice be by the named insured, Knerly, or by someone on Knerly's behalf. The policy requires that the notice "shall be given by or on behalf of the insured." Keys was an insured. If notice was given on behalf of Keys, this policy condition is met.

■ A letter from plaintiff to defendant's agent was admitted without objection. Plaintiff is the insurer of Keys. This letter notified defendant of the accident and of plaintiff's position that its insurance was excess over and above defendant's policy.

■ ■ The letter was notice given on behalf of Keys. The purpose of the notice provision in the policy is to enable the insurer to prepare to defend or make settlement as it sees fit. 13 Couch, Cyclopedia of Insurance Law, § 49:95 (2d ed. Anderson 1965). It makes no difference who gives the notice. The notice received is regarded as if given by or on behalf of all parties in interest. Simmon v. Iowa Mut. Cas. Co., 3 Ill.2d 318, 121 N.E.2d 509 (1954); Jameson v. Farmers Mut. Auto. Ins. Co., 181 Kan. 120, 309 P.2d 394 (1957); Monguso v. Pietrucha, 87 N.J.Super. 492, 210 A.2d 81 (1965).

■ Second, defendant asserts that notice of claim or suit was not forwarded to the company. This assertion is made on the basis that Knerly did not give notice of suit. The policy provides that if suit is brought against the insured, " * * * the insured shall immediately forward * * * every demand, notice, summons or other process received * * *." Keys was an insured. He was served with petition and summons in the Kansas suit on April 28, 1964. He forwarded these papers to defendant on April 29, 1964. This policy condition was met.

Third, defendant contends that notice of the accident was not timely given. The policy provides that notice shall be given "as soon as practicable." At least 79 days elapsed between the accident and defendant's receipt of notice of accident.

The trial court found that defendant had not been prejudiced by this delay. Defendant does not attack this finding but asserts that prejudice is not a material issue. It contends that reporting "as soon as practicable" is a condition precedent to coverage under the policy; that prejudice is not to be considered in determining a condition precedent.

■ We do not decide these questions. The trial court found that defendant had timely notice under the terms of the policy. The trial court also found that the defendant had waived its defenses to coverage. These findings are not challenged. These findings are conclusive on the issue of timeliness. Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391 (1961); Hutchison Lumber Co. v. Boney, 72 N.M. 194, 382 P.2d 525 (1963); Reed v. Nevins, 77 N.M. 587, 425 P.2d 813 (1967). However, see Simmon v. Iowa Mut. Cas. Co., supra.

Keys was insured under and covered by defendant's policy. He was also insured under and covered by plaintiff's policy. How do the two policies apply?

■ If the insured has other insurance against loss covered by the policy, each policy provides that the company is liable only for its proportionate share of the loss. Each policy also provides that its insurance shall be excess over other collectible insur-

ance with respect to a non-owned automobile.

Defendant's policy lists the Cadillac owned by Knerly and provides that anyone using the automobile with permission of Knerly is an insured under its policy. The Cadillac was an owned automobile under defendant's policy. The insurance under defendant's policy was not excess insurance.

Plaintiff's policy lists a car which is not involved in this case. The Cadillac is a non-owned automobile under plaintiff's policy. The insurance under plaintiff's policy was excess insurance.

Defendant's insurance was primary; plaintiff's was secondary. American Sur. Co. of New York v. Canal Ins. Co., 258 F.2d 934 (4th Cir. 1958); Aetna Cas. & Sur. Co. v. Buckeye Union Cas. Co., 157 Ohio St. 385, 105 N.E.2d 568, 31 A.L.R.2d 1317 (1952); Fidelity & Cas. Co. v. Secured Cas. Co., Ohio Com.Pl., 87 Ohio Law Abst. 459, 180 N.E.2d 297 (1961); 8 Appleman, Ins. Law & Prac. 400, § 4914; compare Maryland Cas. Co. v. State Farm Mut. Auto. Ins. Co., 77 N.M. 21, 419 P.2d 229 (1966); Holmes v. State Farm Mut. Auto. Ins. Co., 76 N.M. 750, 418 P.2d 531 (1966).

Even though Keys was insured under and covered by defendant's policy, which was the primary insurance, defendant contends that plaintiff did not have a right of subrogation against defendant.

 A distinction is sometimes made between legal and conventional subrogation. Legal subrogation arises by operation of law; conventional subrogation arises by convention or contract of the parties. 16 Couch, Cyclopedia of Insurance Law, § 61:2 (2d ed. Anderson 1966). Whether legal or conventional, subrogation is an equitable remedy. The remedy is for the benefit of one secondarily liable who has paid the debt of another and to whom in equity and good conscience should be assigned the rights and remedies of the original creditor. Fidelity & Deposit Co. v. Atherton, 47 N.M. 443, 144 P.2d 157 (1943).

Defendant claims that plaintiff was not subrogated by operation of law (1) because plaintiff was not a party to the accident, was not a tortfeasor and was not an injured party and (2) because plaintiff's connection with the accident is through Keys and not through defendant or Knerly.

 These contentions overlook the definition of subrogation as a remedy for the benefit of one secondarily liable. Plaintiff was secondarily liable; defendant was primarily liable. Under its policy, defendant had a duty to defend and to pay sums that its insured was legally obligated to pay. Although demand was made, defendant refused to discharge its obligations.

 Being secondarily liable, plaintiff also had a duty to defend and to pay. Thus, plaintiff had a legal interest to protect. It did so. Having done so, plaintiff had a right of subrogation against defendant by operation of law. Aetna Cas. & Sur. Co. v. Buckeye Union Cas. Co., supra; National Farmers Union Prop. & Cas. Co. v. Farmers Ins. Group, 14 Utah 2d 89, 377 P.2d 786 (1963); 16 Couch, Cyclopedia of Insurance Law, § 62:53 (2d ed. Anderson 1966).

Defendant claims that plaintiff was not subrogated by convention or contract (1) because plaintiff had no contract with Knerly or defendant and (2) because plaintiff's connection with the accident is through Keys, who had no subrogation agreement with Knerly or defendant.

These contentions overlook the provisions of the plaintiff's policy with Keys. It states:

"Upon payment under this policy * * * the company shall be subrogated to all the insured's rights of recovery * * *."

 Plaintiff paid under its policy and was subrogated to Keys' rights of recovery. Keys, as an insured under defendant's policy had a right of recovery against defendant on that policy. Plaintiff had a right of subrogation against defendant by

contract. Aetna Cas. & Sur. Co. v. Buckeye Union Cas. Co., supra; American Sur. Co. of New York v. Canal Ins. Co., supra.

Defendant asserts that plaintiff's claim must fail for lack of necessary and indispensable parties. It claims that Keys and Knerly are such parties.

New Mexico makes no distinction between necessary and indispensable parties. Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045 (1957). If a person's interests are necessarily affected by the judgment, such person is an indispensable party. Yrisarri v. Wallis, 76 N.M. 776, 418 P.2d 852 (1966); State Game Comm'n v. Tackett, 71 N.M. 400, 379 P.2d 54 (1962).

Plaintiff was an indispensable party. Torres v. Gamble, 75 N.M. 741, 410 P.2d 959 (1966). While defendant asserts that Keys and Knerly were indispensable parties, it makes no effort to show how their interests are necessarily affected by the judgment.

Plaintiff made no payment on behalf of Knerly. It does not claim through Knerly. Knerly is not involved in any way in plaintiff's subrogation claim. Knerly has no interest in the outcome of the litigation.

Plaintiff paid on behalf of Keys and did all the paying; Keys paid nothing. Plaintiff is the subrogee of Keys; its subrogation is to "all the insured's rights of recovery." Since all of Keys' rights of recovery are in plaintiff, Keys has no interest in the outcome of the litigation.

Since neither Knerly nor Keys have an interest in the outcome of the litigation, they are not indispensable parties. Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757 (1961).

Defendant contends that plaintiff's claim must fail for lack of real parties in interest. Section 21–1–1(17), N. M.S.A.1953, requires that actions be prosecuted in the name of the real party in interest. "Real party in interest" is to be determined by whether one is the owner of the right being enforced and is in a position to discharge the defendant from the liability asserted in the suit. Sellman v. Haddock, supra; Sturgeon v. Clark, supra.

Concerning real party in interest, United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444 (1949), states:

"* * * [O]f course an insurer-subrogee, who has substantive equitable rights, qualifies as such. If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name."

Plaintiff paid the entire loss and has equitable subrogation rights. It is a real party in interest. Knerly has no interest of any kind. Keys' interest belongs to plaintiff under the subrogation provisions of plaintiff's policy. Annot., 96 A.L.R. 864, 875, and Annot., 157 A.L.R. 1242, 1247. We do not have a deductible provision as in Sellman v. Haddock, supra, nor a loan receipt as in Home Fire & Marine Ins. Co. v. Pan American Petroleum Corp., 72 N.M. 163, 381 P.2d 675 (1963).

Neither Knerly nor Keys were real parties in interest. Neither own the right being enforced. Neither could discharge defendant from the liability asserted against it after plaintiff had done the paying and defendant knew that plaintiff had done the paying. See Calvert Fire Ins. Co. v. James, 236 S.C. 431, 114 S.E.2d 832, 92 A.L.R.2d 97 (1960); Annot., 92 A.L.R.2d 102 (1963).

Defendant asserts no admissible evidence shows that Moore was injured in the accident, that Keys was liable to Moore and that plaintiff's settlement of Moore's suit was for a reasonable amount.

However, the trial court made a finding which is not attacked that the $7500.00 settlement made by plaintiff with Moore for the injuries suffered by him was reasonable, which in itself is conclusive on appeal, Hutchison Lumber Co. v. Boney, supra, and when considered along with documentary proof in the record which was admitted without objection, is

ample to establish the happening of the accident and injuries and to support the conclusion reached by the court. It is not necessary to consider other documentary proof admitted over defendant's objection in order to conclude that the trial court ruled correctly.

The judgment is affirmed

It is so ordered.

MOISE and COMPTON, JJ., concur.