George W. SUTTON, Executor of the Estate of Lt. George W. Serviss, U.S.M.C.R., Deceased, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,

v.

George W. SUTTON, Executor of the Estate of Lt. George W. Serviss, U.S.M.C.R., Deceased, Appellee.

Nos. 6676, 6698.

District of Columbia Court of Appeals.

Argued Jan. 23, 1973.

Decided March 20, 1973.

William H. Greer, Jr., Washington, D. C., for appellant in No. 6676 and appellee in No. 6698.

Wade J. Gallagher, Washington, D. C., for appellee in No. 6676 and appellant in No. 6698.

Before KELLY, FICKLING and HARRIS, Associate Judges.

FICKLING, Associate Judge:

George W. Sutton appeals from a dismissal, after a nonjury trial, of his complaint for recovery of the cost of a tombstone. United Services Automobile Association (USAA) appeals from the earlier denial of its motion for summary judgment. We affirm the dismissal of the complaint, which renders moot the cross-appeal of USAA.

The issue is whether a tombstone purchased by George W. Sutton, because of personal choice, is a necessary funeral expense within the meaning of the medical payments provision of the insurance policy issued by USAA to George W. Serviss (deceased).

The following facts are undisputed. George W. Serviss executed a will in 1969 naming George W. Sutton (appellant in No. 6676) as executor. On December 26, 1970, Serviss, while driving alone, was killed in a one-vehicle accident. He was insured by USAA at the time of his death. His policy contained the following clause:

Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and *necessary* ambulance, hospital, professional nursing and funeral services. . . . [Emphasis added.]

In January of 1971, Serviss was buried in Arlington National Cemetery. Although the Government provided most of the funeral expenses, Sutton, because of his deep

affection for Serviss purchased at his own personal expense a vault and, later, a memorial stone for Serviss' grave. USAA reimbursed Sutton for the cost of the vault but denied the claim of $1,092 for the tombstone. The vault was not required by Government authorities for interment in Arlington, and the tombstone was purchased to replace a smaller one which the Government had provided without cost. Sutton admitted at trial that he considered the expense of the tombstone a personal one and not an expense of the estate of Serviss. In 1970 there were more than 2,700 interments in Arlington; of these, there were only 186 instances in which the Government-provided memorial stone was replaced with one purchased privately.

In Bachrach v. Aetna Insurance Co., 51 Misc.2d 91, 272 N.Y.S.2d 651, aff'd, 52 Misc.2d 934, 277 N.Y.S.2d 231 (1966), the court construed a policy clause substantially similar to the one in the instant case. There the court held that a gravestone was necessary to a funeral service under a reasonable construction of the clause, but disallowed an amount expended for perpetual care of the grave. The reason given was that perpetual care was a matter of *personal choice*. Unlike the instant case, no tombstone had been provided. To the same effect is an often cited case on necessary funeral expenses, Alamo Cas. Co. v. Smith, 266 S.W.2d 416 (Tex.Civ.App.1953), rehearing denied, 266 S.W.2d 419 (Tex.Civ. App.1954). In that case the court construed a similar clause and disallowed the cost of a burial vault as being a matter of *personal choice* and, hence, not necessary. In both of these cases, the rationale underlying the decision not to find an item necessary within the meaning of the clause was *personal choice*. The court in Alamo Cas. Co. v. Smith, *supra*, explained that while *necessary*, as used in the clause, does not mean *indispensable*, neither does it mean *appropriate*.

The decision to *replace* the small memorial with the one costing $1,092 was simply a matter of personal choice. There was undisputed evidence before the trial court that the Government had provided a tombstone without cost, and that the purchase of the second tombstone was made because of the personal choice of Sutton.

Therefore we hold that where, as in the instant case, a tombstone is provided without cost, the purchase of a second memorial, being a matter of personal choice, is not *necessary*.

The appeal in No. 6698 from the denial of a motion for summary judgment becomes moot in view of our disposition in No. 6676, since there was a trial on the merits.

Appeal No. 6676 affirmed.

Appeal No. 6698 dismissed as moot.