355 P.2d 143

UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff-Appellant,

v.

AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, N. Y., Defendant-Appellee.

No. 6720.

Supreme Court of New Mexico.

Sept. 6, 1960.

334

William L. Shaner, Roswell, for appellant.

Atwood & Malone, Paul A. Cooter, Roswell, for appellee.

COMPTON, Chief Justice.

This controversy is between two insurers of unscheduled personal property destroyed by fire August 7, 1957, while in transit from Chicopee, Massachusetts, to Roswell, New Mexico, the property of one Christopher P. Dixon.

Previously, on July 23, 1957, the insured procured from the appellant a blanket policy of insurance designated as "Household Goods and Personal Effects Floater" insuring unscheduled personal property and household goods owned by him against loss by fire while in transit, wherever located, in amount of $6,000.

Subsequently, on August 6, 1957, the insured also procured transit insurance from the appellee insuring unscheduled personal property and household goods owned by him against loss by fire while in transit from Chicopee, Massachusetts, to Roswell, New Mexico, in the amount of $3,000.

The value of the property destroyed was $6,006.50, of which amount the appellant paid Dixon $4,006.50, and the appellee paid $2,000. Thereupon, the appellant instituted this action against appellee to recover the amount of $1,000. The trial court found that the policies were concurrent and that the parties were liable for the loss pro rata. Judgment was entered accordingly, and the appellant appeals.

The appellant contends that the appellee was primarily liable for the loss to the extent of $3,000, as its policy was specific in covering the loss from Massachusetts to Roswell, New Mexico. On the other hand, appellee contends that the policies constitute concurrent insurance and the loss should be apportioned to the total insurance carried.

As we view the pertinent provisions of the policies, they are substantially the same.

The appellant's policy provides:

"To insure property described herein while in due course of transit under conditions heretofore mentioned, from the time said property passes into the custody of the carrier at initial point of shipment and to cover thereafter until delivered in accordance with bill of lading, shipping receipt or other contract of shipment to permanent storage or insured's temporary or permanent address."

The appellee's policy provides:

"To insure property described herein while in due course of transit by trucks operated for or by the Carrier or by or for any connecting carrier to whom transferred by the Carrier under bill of lading, shipping receipt or other contract of shipment issued by the Carrier, from the time said property passes into the custody of the Carrier at initial point of shipment and to cover thereafter until same is delivered at final point of destination, named herein."

▇▇ In determining whether the policies in question are primary or concurrent, the test is whether they insure the same property, the same interest, and against the same risk; if so, they constitute double or concurrent insurance, and payment for loss is to be prorated on the basis of the total insurance. Liberty Motor Freight Lines, Inc. v. United States Guarantee Co., 133 N.J.L. 35, 42 A.2d 394, 169 A.L.R. 384, and annotation following. Also see 46 C.J.S. Insurance § 1207; 29(a) Am.Jur. Insurance, § 1717, and cases cited. Compare Miller v. Home Ins. Co., 108 Pa.Super. 278, 164 A. 819.

▇▇ It is further asserted that the court erred in holding that appellee was entitled to prorate the loss since its policy did not contain a proration clause. True, its policy contains no such provision; nevertheless, in case of double or concurrent insurance, all insurers are liable and the loss falls on them equitably in proportion to the insurance carried. Commercial Standard Insurance Co. v. American Employers Insurance Co., 6 Cir., 209 F.2d 60. See also 29(a) Am.Jur. Insurance, § 1717, supra; 46 C.J.S. Insurance § 1207, supra.

We conclude that appellee's position is sound. Both policies insure the same property, the same interest, and against the same risk. It follows, therefore, the judgment should be affirmed.

It is so ordered.

CARMODY, MOISE and CHAVEZ, JJ., concur.

NOBLE, J., not participating.