**NORTHLAND INSURANCE COMPANY,**
Appellant (Defendant below),

v.

**John T. MILES, Appellee (Plaintiff below).**

No. 3695.

Supreme Court of Wyoming.

Nov. 1, 1968.

Maxwell E. Osborn, of Pattno, Osborn, Lynch & Smith, Cheyenne, for appellant.

Walter C. Urbigkit, Jr., of McClintock, Mai & Urbigkit, Cheyenne, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

John T. Miles sued Northland Insurance Company for recovery of medical expenses under an insurance contract between Northland and the owner of the motor vehicle being driven by Miles when injured.

It is undisputed that Miles' medical expenses exceeded $1,000 and that Northland is liable for the maximum amount of its coverage ($1,000), unless the exclusion contained in subparagraph (j) of Northland's insurance policy applies with respect to money payable to Miles under other policies. The exclusion involved is:

"This policy does not apply:

\* \* \* \* \* \*

"(j) under coverage C, to that amount of any medical expense which is paid or payable to or on behalf of the injured person under the provisions of any (1) premises insurance affording benefits for medical expenses, (2) individual, blanket or group accident, disability or hospitalization insurance, (3) medical, surgical, hospital or funeral service, benefit or reimbursement plan or (4) workmen's

compensation or disability benefits law or any similar law."

Appellant's interpretation of the foregoing exclusion would have the effect of taking item (2) of the exclusion out of context and saying the insurer may exclude the amount of benefits (of whatever nature) paid under individual, blanket or group accident, disability or hospitalization insurance.

In other words, whereas the pertinent language in (j) reads "to that amount of any *medical expense* which is paid * * * under the provisions of any * * * (2) individual, blanket or group accident, disability or hospital insurance," appellant would make such language read "to that amount of any *payments whatever* which is paid * * * under the provisions of any * * * (2) individual, blanket or group accident, disability or hospitalization insurance." We have supplied the emphasis in these quoted phrases.

It is clear beyond doubt that the policy sued on is a policy for medical expense; and no coverage is excluded under subparagraph (j) except "medical expense" payments made under certain enumerated kinds of insurance. Other insurance benefits (aside from medical expense payments), such as disability benefits, death benefits, annuity payments, or payments to cover loss of earnings, may not be deducted by appellant-insurance company in the settlement of its liability for medical expense loss.

Our examination of the policies questioned by appellant discloses that coverage in each relates to indemnity for loss of life, limb, or sight, and for loss of time due to accidental bodily injury. Under these policies, the insured was indemnified for his disability and for time. He was not, under any of the policies in question, reimbursed for incurred medical expense, except to the extent that some of the policies had provisions for a limited allowance for emergency first aid.

Counsel for claimant concedes there was $50 payable under first-aid medical provisions, and that Northland would be entitled to exclude this $50. However, the evidence upon which the district court considered motions of both sides for summary judgment discloses without dispute that Miles' total medical expenses resulting from his accident was some $2,784— much more than $1,050. There is nothing in the policies questioned by appellant and nothing in the evidence to indicate that more than $50 was paid or payable to Miles, under policies other than Northland's policy, for medical expense.

Therefore, after excluding medical expense of $50 paid under other insurance policies, there still remained more than $1,000 in medical expenses for which Miles was not insured, except under appellant's policy.

Appellant cites no authority to support its position, except for a mention of McKay v. Equitable Life Assurance Society of the United States, Wyo., 421 P.2d 166, 168; and 16 Couch on Insurance, 2nd Ed., § 62:48; p. 499. The most these authorities hold is that, under an "excess" insurance provision, the insurer is not liable for any part of the loss which is covered by other insurance. The rule has no application here because the *medical expense* loss of Miles was not covered by other insurance, except for the $50 for emergency first aid.

■ There is no difference in principle between the excluding of liability and the limiting of liability. The authorities are legion that for a proportionate recovery clause to operate in the insurer's favor, or for the enforcement of contributions between insurers, there must be identity of risk. Blue Anchor Overall Co. v. Pennsylvania Lumbermens Mutual Insurance Company, 385 Pa. 394, 123 A.2d 413, 415, 59 A.L.R.2d 546; Lucas v. Garrett, 209 S.C. 521, 41 S.E.2d 212, 214–215, 169 A.L.R. 660; United Services Auto. Association v. Agricultural Insurance Company of Watertown, N.Y., 67 N.M. 333, 355 P.2d 143, 144.

See also 16 Couch on Insurance, 2d Ed., § 62:92, p. 532; and 46 C.J.S. Insurance § 1207, pp. 150–151.

It follows from this that the exclusion we are dealing with can be operative only as to insurance of a type and kind referred to in the phraseology of the exclusion. The phraseology of the exclusion in Northland's policy relates only to medical expense coverage. The coverage in the other policies was for disability and loss of time. Except for the $50 for first aid, there is no identity of risk, and Northland cannot exclude disability payments received by Miles under other policies.

The district court correctly granted summary judgment to plaintiff-Miles against defendant-Northland for $1,000 and for interest and costs.

Affirmed.