**Roy L. GARTON, Petitioner,**

v.

**The STATE of Wyoming, Respondent.**

**No. 95–30.**

Supreme Court of Wyoming.

Jan. 31, 1996.

Jeffrey A. Tennyson, Jackson, for Petitioner.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Mary Beth Wolff, Senior Assistant Attorney General, Cheyenne, for Respondent.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

THOMAS, Justice.

This case comes before the court upon an order granting in part a Petition for Writ of Review, with the primary question being whether WYO.STAT. § 6–2–506(e)(iii) (Supp. 1995), which makes a violation of the stalking statute a felony if the offense is committed "in violation of any condition of probation, parole or bail," is unconstitutionally vague or violates the constitutional right of a defendant to equal protection. In addition, the petitioner, Roy L. Garton (Garton), contends the stalking statute is unconstitutionally vague and overbroad in violation of the First, Fifth, and Fourteenth Amendments to the Constitution of the United States and Article 1, Sections 2 and 6 of the Constitution of the State of Wyoming. In recent cases, we have upheld this statute against the contentions that it is unconstitutionally vague and unconstitutionally overbroad, and we abide by those determinations. We hold that the specific provision making the offense a felony if committed in violation of any condition of probation, parole, or bail is not unconstitutionally vague and does not violate the defendant's right to equal protection. The case is remanded to the district court for further proceedings in accordance with this opinion.

In the Brief of Petitioner, the issues are stated in this way:

I. Is Section 6–2–506, W.S. unconstitutionally vague in violation of the First, Fifth and Fourteenth Amendments of the

United States Constitution and Article I, Sections 2 and 6 of the Wyoming [sic]?

II. Is Section 6–2–506, W.S. unconstitutionally overbroad in violation of the First, Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 2 and 6 of the Wyoming Constitution?

III. Is the felony provision of Section 6–2–506(e)(iii), W.S. unconstitutional?

A. Is Section 6–2–506(e)(iii), W.S. unconstitutionally vague?

B. Does Section 6–2–506(e)(iii), W.S. violate the defendant's rights [sic] equal protection?

In the Brief of Respondent, the State of Wyoming (State), the issues are stated in this way:

I. Whether W.S. §§ 6–2–506 et. seq. is unconstitutionally vague or overbroad?

II. Whether the felony status provision of the stalking statute, W.S. § 6–2–506(e)(iii), is unconstitutionally vague or violative of equal protection or due process principles as applied to petitioner?

Garton was charged with one count of making unlawful telephone calls in violation of WYO.STAT. § 6–6–103(a) and (b) (1988), and one count of stalking in violation of WYO. STAT. § 6–2–506(b)(i) and stalking charged as a felony under the enhancement provision of the stalking statute, WYO.STAT. § 6–2–506(e)(iii). The stalking charge under the enhancement provision was filed as a felony violation because Garton was on probation for an unrelated embezzlement conviction at the time of the alleged stalking activities.

The relevant facts, offered through the briefs of the parties, relate to the period of March 17 to March 30, 1994, during which Garton placed numerous anonymous telephone calls to the alleged victim. In those calls, he used lewd and obscene language and suggested lewd and lascivious acts. Other conduct is described, including the mailing of a pornographic video tape suggesting lewd and lascivious acts and the mailing of a con-dom with several pages from a Penthouse magazine. The constitutionality of the statute proscribing unlawful telephone calls is not before us, and the resolution of the facts remains the business of the district court. We are concerned exclusively with the claims of unconstitutionality of the stalking statute.

Garton raised his claims of unconstitutionality of WYO.STAT. § 6–2–506 by a motion to dismiss in the trial court. The motion to dismiss was denied, and the district court also denied a request by the defendant to certify these constitutional questions to this court. Garton then proceeded with a Petition for Writ of Review, which this court granted only in part and pursuant to which we determined "that the petition for writ of review be * * * granted as to the question whether WYO.STAT. § 6–2–506 is unconstitutional; * * *."

We addressed the same concerns Garton raises with respect to the unconstitutionality of WYO.STAT. § 6–2–506 on the grounds of vagueness and overbreadth in the consolidated opinions of *Luplow v. State; Jennings v. Currier,* 897 P.2d 463 (Wyo.1995). We held "the Wyoming stalking statute is not void for vagueness, nor is it subject to constitutional attack as being overbroad." *Luplow; Jennings,* 897 P.2d at 468. Our analysis addressed claims under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States and Article 1, Sections 6 and 20 of the Constitution of the State of Wyoming. We ruled the statute did not reach any substantial amount of constitutionally protected conduct nor did it fail to specify the proscribed conduct. We recently have reaffirmed that decision in *Vit v. State,* 909 P.2d 953 (Wyo.1996), and we find no occasion to revisit our position with respect to those issues.

We shall address Garton's contention that WYO.STAT. § 6–2–506(e)(iii), which enhances the offense from a misdemeanor to a felony, is invalid pursuant to the First, Fifth, and Fourteenth Amendments of the United States Constitution [1] and Article 1, Sections 2

---

1. The First Amendment to the Constitution of the United States provides, in pertinent part:

Congress shall make no law * * * abridging the freedom of speech * * *.

The Fourteenth Amendment to the Constitution of the United States provides, in pertinent part: Nor shall any State deprive any person of life, liberty, or property, without due process of

and 6 of the Constitution of the State of Wyoming.[2] Garton asserts his right to due process of law is violated because the provision is vague and does not provide adequate notice of the consequences that attach to the first offense for which he was sentenced to probation. He also argues the provision violates the guarantees of equal protection by invoking arbitrary, invidious, and unreasonable classifications between similarly situated people.

Garton confronts a significant burden of persuasion. As we said in *Hansen v. State; Pappan v. State*, 904 P.2d 811, 817 (Wyo.1995):

> Our rule is "that every law must be presumed to be constitutional, with all doubt resolved in its favor * * *." *State v. Stern*, 526 P.2d 344, 347 (Wyo.1974). This rule has been consistently followed. *E.g., Luplow v. State, Jennings v. Currier*, 897 P.2d 463 (Wyo.1995); *Wyoming Coalition v. Wyoming Game and Fish Comm'n*, 875 P.2d 729 (Wyo.1994); *Johnson v. State Hearing Examiner's Office*, 838 P.2d 158 (Wyo.1992); *Righter v. State*, 752 P.2d 416 (Wyo.1988); *Keser v. State*, 706 P.2d 263 (Wyo.1985); *Sanchez v. State*, 567 P.2d 270 (Wyo.1977). The same proposition is applied to statutory classifications. " 'One who assails a classification must carry the burden of showing that it does not rest on a reasonable basis, but is essentially arbitrary.' *Mountain Fuel Supply Company v. Emerson*, Wyo., 578 P.2d 1351, 1354–55 (1978)." *Hoem v. State*, 756 P.2d 780, 782 (Wyo.1988). Furthermore, with respect to Article 1, Section 2 of the Constitution of the State of Wyoming, we have said that the rights there protected are not absolute, but are subject to state regulation in the public interest. *State v. Langley*, 53 Wyo. 332, 84 P.2d 767 (1938). This constitutional provision does not demand that the law treat everyone with absolute equality, but

it does prohibit arbitrary and invidious discrimination. *Cavanagh v. State*, 505 P.2d 311 (Wyo.1973).

WYO.STAT. § 6–2–506(d) and (e) (Supp. 1995) (emphasis added) punishes stalking as either a misdemeanor or a felony:

> (d) Except as provided under subsection (e) of this section, stalking is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both.

> (e) A person convicted of stalking under subsection (b) of this section **is guilty of felony stalking** punishable by imprisonment for not more than ten (10) years, if:

> (i) The act or acts leading to the conviction occurred within five (5) years of a prior conviction under this subsection, or under subsection (b) of this section, or under a substantially similar law of another jurisdiction;

> (ii) The defendant caused serious bodily harm to the victim or another person in conjunction with committing the offense of stalking;

> **(iii) The defendant committed the offense of stalking in violation of *any* condition of probation, parole or bail;** or

> (iv) The defendant committed the offense of stalking in violation of a temporary or permanent order of protection issued pursuant to W.S. 7–3–508 or 7–3–509, or pursuant to a substantially similar law of another jurisdiction.

We rely upon the concession of the parties that, at the time of the charged conduct, Garton was on probation for embezzlement. Garton contends the district attorney interpreted WYO.STAT. § 6–2–506(e)(iii) to the end that the person charged with stalking is subject to felony punishment if the offense is committed while he is on probation, parole,

---

law; nor deny to any person within its jurisdiction the equal protection of the laws.

The Fifth Amendment to the Constitution of the United States is not pertinent in the context of this case.

**2.** Article 1, Section 2 of the Constitution of the State of Wyoming provides:

In their inherent right to life, liberty and the pursuit of happiness, all members of the human race are equal.

Article 1, Section 6 of the Constitution of the State of Wyoming provides:

No person shall be deprived of life, liberty or property without due process of law.

or bail for any offense whatsoever with a condition that he violate no law. The parties seem to agree that one of the conditions of Garton's probation was that he not violate any federal or state law or municipal ordinance. Garton claims, apparently for affect, that the legislative intent behind the statutory provision was to punish stalking as a felony offense if the defendant commits the crime while on probation, parole, or bail with a specific condition that he not harass or threaten a specific person or persons. He argues that, since he was on parole for an unrelated embezzlement, the district attorney could not charge him with felony stalking.

■■■ Garton argues vagueness in this provision. Our rule with respect to statutory construction is firmly established:

> Under our well-established rules of statutory construction, we "endeavor to interpret statutes in accordance with the Legislature's intent." *State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). We must first determine whether a statute is clear or ambiguous. "[A] statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 220 (Wyo.1991). "[A] statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." 813 P.2d at 219–20. "[W]hether an ambiguity exists in a statute is a matter of law to be determined by the court." 813 P.2d at 220. If the language of a statute is clear and unambiguous, we apply the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. *Soles v. State*, 809 P.2d 772, 773 (Wyo.1991).

*Halpern v. Wheeldon*, 890 P.2d 562, 564–65 (Wyo.1995).

■■■ The language of WYO.STAT. § 6–2–506(e)(iii) (emphasis added) is clear and unambiguous in its provision that the offense is a felony when "the defendant committed the offense of stalking in violation of any condition of probation, parole or bail." In addressing the meaning of the word "any" in *McKay v. Equitable Life Assurance Soc'y of the United States*, 421 P.2d 166, 169 (Wyo. 1966), we said, "[t]he common and ordinary understanding of the word is that it means all or every." We also said, "[n]ecessarily it gives to the language employed a broad and comprehensive grasp." *McKay*, 421 P.2d at 169. The clear language of the statute conveys the legislative intent to give WYO.STAT. § 6–2–506(e)(iii) a broad and comprehensive grasp. It unequivocally furnishes notice to those who are on probation, parole, or bail for any crime that, if a condition of their probation, parole, or bail is that they not violate any law while on probation, parole, or bail, and they commit the crime of stalking, the prosecutor is vested with discretion to charge the stalking offense as a felony. Recently, the Michigan Court of Appeals acknowledged similar language in Michigan's stalking statute, saying:

> Finally, for aggravated stalking under § 411i(2), there must also be a credible threat to kill another or inflict physical injury against the victim, a family member, or household member, a prior stalking conviction, or **actions constituting the offense that are in violation of a restraining order, injunction, or probation order.**

*People v. White*, 212 Mich.App. 298, 536 N.W.2d 876, 883 (1995) (emphasis added).

Had the legislature intended to limit felony stalking as Garton asserts (to a defendant who commits the crime while he is on probation, parole, or bail, with a specific condition of the parole that he not harass or threaten a specific person or persons), it clearly knew how to insert such limitations. It has successfully done so on several prior occasions. Examples include WYO.STAT. § 6–10–201 (1988) (providing for different treatment for habitual criminals who have been convicted of a violent felony and have been convicted of two or more felonies and persons who have not been convicted of a violent felony, but have been convicted of two or more felonies); WYO.STAT. § 7–13–301 (1994) (affording first offender status with the consent of the accused and the state to persons who have not previously been convicted of any offense); WYO.STAT. § 14–6–203 (1995) (allowing pref-

erential treatment in juvenile court for minors charged with crimes). The language in this statute requires no construction; it is clear and unambiguous. It enhances the crime of stalking to a felony if it is committed in violation of any condition or probation, and no reasonable person could be uncertain as to its meaning.

We turn to the contention that the statute violates Garton's right to equal protection of the laws. We have made clear "probation 'is a sentence and not part of a quasi-contract wherein the court offers something which the defendant is free to accept or reject * * *.'" *Yates v. State,* 792 P.2d 187, 189 (Wyo.1990) (quoting *State v. Lynch,* 223 Neb. 849, 394 N.W.2d 651, 662 (1986). We also have said, "probation is an act of grace and clemency" on the part of the trial court. *Kavanaugh v. State,* 769 P.2d 908, 915 (Wyo. 1989). Perhaps, more accurately, the prospect of grace must be initiated by the legislature. *Hicklin v. State,* 535 P.2d 743 (Wyo. 1975). While "[t]he district court has wide discretion in determining appropriate conditions of probation * * * " (*Leyba v. State,* 882 P.2d 863, 865 (Wyo.1994)), there can be no question that the legislature must authorize probation as a form of sentencing.

It is usual to attach conditions to probation that would not pertain to someone who was not serving a criminal sentence. As we contemplate the application of the stalking statute to a person who has been convicted and is serving a sentence, we recognize a legislative purpose to attach more serious consequences to unlawful activity on the part of those previously convicted. We invoke as our analogy the use of the habitual criminal statute in Wyoming.

Such statutes are held not to deny the accused the right to equal protection of the law. *Schechter v. Waters,* 199 F.2d 318 (10th Cir.1952). *See Oyler v. Boles,* 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). We cited *Oyler* with approval in *Billis v. State,* 800 P.2d 401, 418 (Wyo.1990). Enhancement of punishment based upon the status of an habitual criminal does not result in the statute being unconstitutional. Similarly, enhancement of the degree of the of-

fense based upon the status of a parolee does not cause the statute to be unconstitutional. We afford "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." *Bell v. State,* 693 P.2d 769, 771 (Wyo.1985) (quoting *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

Parolees are not a suspect classification requiring strict scrutiny of a statute applying to them. We are satisfied the statute readily passes the rational basis test adopted in *Johnson v. State Hearing Examiner's Office,* 838 P.2d 158 (Wyo.1992). We followed that test in *Allhusen v. State By and Through Wyoming Mental Health Professions Licensing Bd.,* 898 P.2d 878 (Wyo. 1995), and applied it in the context of a criminal proceeding in *Hansen; Pappan.* In *Allhusen,* 898 P.2d at 885–86, we summarized *Johnson:*

In *Johnson,* 838 P.2d at 166–67, we invoked a test new to Wyoming for analyzing state constitution equal protection claims. The four aspects of the test inquire as to (1) what class is harmed by the legislation and has that group been subjected to a tradition of disfavor by our laws; (2) what is the public purpose to be served by the law; (3) what is the characteristic of the disadvantaged class that justifies disparate treatment; and (4) how are the characteristics used to distinguish people for disparate treatment relevant to the purpose the challenged law purportedly intends to serve. The *Johnson* test is applicable to the consideration of the issues in this case.

The statute makes those who commit stalking in violation of any condition of probation, parole, or bail subject to the enhanced penalty for felony stalking. It is fair to state that members of this class, persons on probation, parole, or bail, have been subject to a tradition of disfavor by our laws. Public policy traditionally has assumed it is necessary to impose special requirements as to conduct, freedom of movement, and other responsibilities upon those members in this class.

 We hold there is a valid public purpose for permitting the prosecution of stalking as a felony with respect to members of this class. In Wyoming, a significant number of persons can be found who are released on probation or parole or charged with crimes. Bail is a matter of right in most pending criminal cases. WYO.STAT. § 7–10–101 (1995). Even though probation, and for that matter parole, is a matter of grace, the pressure of numbers incarcerated in our penal institutions results in that grace being extended to an increasing number of high risk individuals. The imposition of an additional control factor with respect to such persons is important because they well may have additional reasons to attempt to retaliate against or punish other persons who participate in their prosecution. A valid legislative purpose is found in the effort to inhibit such behavior by making it prosecutable as a felony. This same rationale points out the characteristic of this class that justifies the disparate treatment. It also explains how the characteristics used for distinguishing this class are relevant to the purpose served by the statute.

 In addressing an equal protection challenge to including manslaughter as a violent felony resulting in enhanced punishment, while excluding aggravated vehicular homicide, we said:

Equal protection guarantees that similar people will be dealt with similarly and that people in different circumstances will not be treated as though they were similar. Nowak, Rotunda and Young, Constitutional Law (2nd ed. 1983), p. 587.

"Under our constitutional system the States in determining the reach and scope of particular legislation need not provide 'abstract symmetry'. [Citation.] **They may mark and set apart the classes and types of problems according to the needs and as dictated or suggested by experience. * * * [T]he equal protection clause does not prevent the legislature from recognizing 'degrees of evil' * * *."** *Skinner v. State of Oklahoma ex rel. Williamson,* 316 U.S. 535, 539–540, 62 S.Ct. 1110, 1112–1113, 86 L.Ed. 1655 (1942).

There must be some difference which furnishes a reasonable basis for different legislation pertaining to different classes. *United States Steel Corporation v. Wyoming Environmental Quality Council,* Wyo., 575 P.2d 749 (1978). The differences involved must not be arbitrary and without a just relation to the matter being legislated. *Mountain Fuel Supply Company v. Emerson,* Wyo., 578 P.2d 1351 (1978).

"The problem of legislative classification is a perennial one, admitting of no doctrinaire definition. Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. [Citation.] Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind." *Williamson v. Lee Optical of Oklahoma,* 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955).

*Bell,* 693 P.2d at 771.

Legislative history with respect to the specific reasons for the language employed in WYO.STAT. § 6–2–506 is not available. Nevertheless, we have identified a rational justification for the provisions. While, as Garton argues, it may have been possible to limit the enhancement provision to those on probation, parole, or bail who had been convicted of, or charged with, a particular category of criminal activity, or even a list of specific crimes, the hazard of doing so is starkly illustrated by the style of argument mounted in *Bell,* where we stated the issue to be:

The question we are presented is whether our habitual criminal statute, § 6–10–201, supra, violates equal protection and is therefore unconstitutional because it includes manslaughter within the definition of violent felonies but does not include aggravated vehicular homicide.

*Bell,* 693 P.2d at 771. Specificity leads to the contention that a violation of equal protection principles has occurred because the class did not include enough situations, the converse of Garton's position.

Garton also challenges the statutory provision as affording the opportunity for discriminatory and arbitrary enforcement. He articulates a hypothetical situation regarding two men committing the crime of stalking and contends they are similarly situated. In his proposed situation, one man is on probation for failure to maintain liability insurance on his automobile, whereas the other is not on probation at all. The example he invokes does not involve persons who are similarly situated. The persons who would be similarly situated under this statute would be persons who were on probation.

It is clear the statute affords discretion to the prosecuting attorney to charge the offense as misdemeanor or felony by including or not including the information relating to the status of being on probation, parole, or bail. We are not persuaded by Garton any more than we have previously been persuaded that disparity which may be the product of exercise of prosecutorial discretion constitutes a violation of equal protection. In *Hansen; Pappan,* we held discretion vested in the prosecutor to proceed against a juvenile in either the juvenile court or as an adult in the district court does not violate any constitutional protections. "All those in the statutory classification are subject initially to the same discretion and, at that juncture, all in the class are treated alike." *Hansen; Pappan,* 904 P.2d at 819. All persons charged under the stalking statute or on probation, parole, or bail and who then commit the stalking are subject to the same discretion, and all in the class are treated alike.

We hold that Wyo.Stat. § 6–2–506(e)(iii) is constitutional, and the statute does not violate either due process of law or equal protection rights. The discretion is appropriately afforded to the prosecutor and does not invade a defendant's right to equal protection. The case is, therefore, remanded to the district court so that the prosecution as a felony charge may proceed.