2005 WY 31

In the Matter of the Worker's Compensation Claim of Trina CARRILLO, Appellant (Employee Claimant),

v.

STATE of Wyoming, ex rel., WYOMING WORKERS' COMPENSATION DIVISION, Appellee (Respondent).

No. 04–59.

Supreme Court of Wyoming.

March 10, 2005.

We caution that such is not a sufficient application of the *Billingsley* test.

Representing Appellant: Erin E. Mercer of Plains Law Offices LLP, Gillette, Wyoming.

Representing Appellee: Patrick J. Crank, Attorney General; John W. Renneisen, Deputy Attorney General; Steven R. Czoschke, Senior Assistant Attorney General; Kristi M. Radosevich, Assistant Attorney General; and William L. Weaver, Senior Assistant Attorney General, Casper, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and GUTHRIE, D.J.

VOIGT, Justice.

[¶ 1] The appellant, Trina Carrillo, appeals from the district court's reversal of a hearing examiner's conclusion that she was entitled to vocational rehabilitation benefits. Carrillo asserts that the district court's decision was based on an incorrect interpretation of the vocational rehabilitation statute. We find that the district court correctly interpreted the statute and we affirm.

## ISSUE

[¶ 2] Wyo. Stat. Ann. § 27–14–408(a)(ii) (LexisNexis 2003) provides:

> (a) An injured employee may apply to the division to participate in a vocational rehabilitation program if:
>
> . . .
>
> (ii) The compensable injury will prevent the employee from returning to *any* occupation for which the employee has previous training or experience and in which the employee was gainfully employed at any time during the three (3) year period before the injury[.]

(Emphasis added.) The issue presented here is the meaning of "any" as first used in the statute above.

## FACTS

[¶ 3] Carrillo injured her back while working as a certified nurses aide (CNA). Because of her injury, Carrillo was not able to return to her job as a CNA and applied for vocational rehabilitation benefits. The Wyoming Workers' Safety and Compensation Division (the Division) denied her request for benefits. Carrillo challenged this determination and a contested case hearing was held. The hearing examiner reversed the denial of benefits. The Division petitioned the district court to review that determination. The district court found that the hearing examiner misinterpreted the statute and reversed. Carrillo timely appealed.

## DISCUSSION

[¶ 4] Resolution of this appeal depends on the meaning of "any" as used in Wyo. Stat. Ann. § 27–14–408(a)(ii). The statute provides that an injured employee may apply for vocational rehabilitation benefits if, following an injury, she cannot return to "any occupation for which the employee has previous training or experience and in which the employee was gainfully employed at any time during the three (3) year period before the injury[.]" *Id.* Carrillo asserts that the statute should be interpreted to mean that if she cannot return to even *one* occupation she had in the three years prior to her injury, she should be provided vocational rehabilitation. Under this interpretation, if she had three jobs in the past three years, and after her injury she could return to two of the three, she would, nevertheless, qualify for vocational rehabilitation. The Division, however, interprets the statute to mean that Carrillo only qualifies for vocational rehabilitation if she is unable to return to *all* jobs for which she had prior training and experience and in which she was gainfully employed in the past three years. Under this interpretation, if she had three jobs and could return to even one of the three, she would not qualify for vocational rehabilitation benefits. The district court agreed with this latter interpretation.

[¶ 5] "The interpretation and correct application of the provisions of the Wyoming Worker's Compensation Act are a question of law over which our review authority is plenary." *In re Collicott*, 2001 WY 35, ¶ 4, 20 P.3d 1077, 1079 (Wyo.2001). Statutory interpretation is a question of law and we review agencies' conclusions of law *de novo*. *Kuntz–Dexter v. State ex rel. Wyoming Workers' Safety and Compensation Div.*, 2002 WY 101 ¶ 10, 49 P.3d 190, 192–93 (Wyo.2002). When interpreting statutes:

> "[W]e look first to the plain and ordinary meaning of the words to determine if the statute is ambiguous. A statute is clear and unambiguous if its wording is such that reasonable persons are able to agree on its meaning with consistency and predictability. Conversely, a statute is ambiguous if it is found to be vague or uncertain and subject to varying interpretations. Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court.

When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Instead, our inquiry revolves around the ordinary and obvious meaning of the words employed according to their arrangement and connection. In doing so, we view the statute as a whole in order to ascertain its intent and general purpose and also the meaning of each part. We give effect to every word, clause and sentence and construe all components of a statute in pari materia."

*In re SJJ,* 2005 WY 3, ¶ 20, 104 P.3d 74, 80 (Wyo.2005) (*quoting Yeager v. Forbes,* 2003 WY 134, ¶ 13, 78 P.3d 241, 246 (Wyo.2003)).

[¶ 6] With regard to the plain meaning of the word "any" we have said, " '[t]he common and ordinary understanding of the word is that it means all or every' " and " '[n]ecessarily it gives to the language employed a broad and comprehensive grasp.' " *Garton v. State,* 910 P.2d 1348, 1353 (Wyo.1996) (*quoting McKay v. Equitable Life Assur. Soc. of U.S.,* 421 P.2d 166, 169 (Wyo.1966)). In *Garton,* the statute under review permitted a charge of felony stalking in the event that the defendant committed stalking " 'in violation of *any* condition of probation....' " *Garton,* 910 P.2d at 1352 (*quoting* Wyo. Stat. Ann. § 6–2–506(d) and (e) (Supp.1995)) (emphasis added). The issue in *McKay* was an insurance policy provision that allowed the insurer to deduct from payments to the insured benefits provided under any other plan " 'toward the cost of which *any* employer makes contributions....' " *McKay,* 421 P.2d at 167 (emphasis added).

[¶ 7] In both *Garton* and *McKay,* we concluded that the unambiguous and ordinary meaning of the word "any" when used in such a broad sense is "all or every," and that, to give the word a more restrictive meaning would require us to insert limitations not included by the legislature. *Garton,* 910 P.2d at 1352–53; *McKay,* 421 P.2d at 169.[1] This, of course, we are not free to do. We find that the word "any" in the vocational rehabilitation statute is used in the same manner, and has the same unambiguous meaning, and we further find that the statute unambiguously requires that in order to qualify for vocational rehabilitation benefits under Wyo. Stat. Ann. § 27–14–408(a)(ii), the applicant must demonstrate that she is unable to return to all occupations for which she had prior training or experience and in which she was gainfully employed in the past three years.

## CONCLUSION

[¶ 8] Because Carrillo is able to return to two occupations for which she had previous training or experience and in which she was gainfully employed during the three years prior to her injury, she is precluded from receiving vocational rehabilitation benefits under Wyo. Stat. Ann. § 27–14–408(a)(ii).

[¶ 9] Affirmed.

---

1. It is appropriate to note that, in *McKay,* 421 P.2d at 169, after declaring that the ordinary meaning of "any" is "all or every," and after citing several cases for that proposition, we also noted that "any" may mean "one or more," and cited a case to that effect. We are satisfied, however, that the import of both *Garton* and *McKay* is that, when used in a statutory context such as that now before this Court, "any" has the ordinary and unambiguous meaning ascribed hereinabove.